McCOY vs. QUICK and others.

*Mechanic's Lien — Parties.*

1. In a judgment to enforce a material man's lien, the word "north" was used, by a clerical error, instead of "south;" but that word was obviously inconsistent with the rest of the description, and the complaint on which such judgment was founded, described the land correctly, and both complaint and judgment identified the land by reference to a certain recorded deed of earlier date. The premises having been sold under the judgment, *Held*, in ejectment by the purchaser at such sale, that an amendment of the judgment was needless, the premises being therein described with reasonable certainty and accuracy.

2. Whether, if the amendment had been necessary, the court could have allowed it in this action, is not decided. The error (if any) in allowing it, was not one of which the defendant could complain.

3. A judgment which, in terms, gives plaintiff, as material man, a specific lien upon more than *one acre* of land in an incorporated village (R. S., ch. 153, sec. 1), is *not void* for that reason.

4. On appeal to this court in such a case, *it seems* that the court below would be directed to ascertain the specific acre to which said lien should attach, and modify the judgment accordingly.

5. The judgment relied upon by plaintiff in this case (which is ejectment) was for a specific lien on a mill and several acres of ground in a village, and the parties stipulated in this action that a certain part of the premises contained one acre, and was reasonably convenient for the use of the mill, which was situate thereon ; and plaintiff then filed in open court a *remitter* of the residue of the premises. *Held*, that there was no error, against defendant, in allowing such *remitter* to be filed.

6. In an action by a material man under the statute (Tay. Stats. 1765, § 14), a specific lien may be awarded, although the persons holding the legal title at the commencement of the action are not made parties.

7. To the general rule that judgments are not binding except upon par-

ties and privies, no exception should be made other than those created by law.

8. The statute relating to actions to enforce liens of material men, etc., does not take the judgments therein out of the general rule.

9. Defendants in this case having had the legal title of record, and been in actual possession even before the petition for a lien was filed, and not having been made parties to the lien suit, are not absolutely concluded by the judgment therein.

10. Such judgment is *prima facie* evidence in this action of the fact and extent of plaintiff's lien on the premises.

11. The effect of such judgment, as against them, is no greater than would be that of a foreclosure of a mortgage on lands to which they had the title of record before the filing of *lis pendens*, they not being made parties to the foreclosure.

12. Defendants have therefore a right to *redeem* the premises from the sale under said judgment; and also to contest the existence of the indebtedness for which said lien was adjudged.

13. Such judgment having awarded plaintiff a lien on the mill and such interest as one D. had in the land on a certain day, plaintiff, as purchaser thereunder, took no greater interest than that thus defined, which, in this case, was an undivided half.

14. The fact that the consideration for the deed from said D., under which defendants claim, consisted of demands against D., which might have been made the subject of a specific lien on the premises under the statute, gives defendants no greater rights than they would have if they had paid a different consideration. The statutory lien is of no avail unless enforced within the time and in the manner prescribed by the statute.

15. The provision of the statute (Tay. Stats. 1704, § 10) that " the taking of a promissory note or other evidence of indebtedness, for work and labor done or materials furnished, shall not be deemed to waive " the right to a lien for such indebtedness, does not apply when the note, etc. was *expressly* received as a *payment*.

16. If, on a new trial, anything is found due plaintiff, by virtue of his lien judgment, defendants should be allowed a reasonable time to redeem; if nothing be found due him, the sale and deed to him under such judgment should be annulled, as demanded in defendants' counterclaim.

17. Whether the acceptance by a material man of his debtor's note to a third party, endorsed by the latter, is a *waiver* of his right to a lien, although the same was not *expressly* received as a payment; whether plaintiff must exhaust his remedy on a judgment recovered by him on said note against the maker and endorser, before he can resort to

his lien judgment as against the defendant; and whether as to them he can enforce the lien judgment for materials not actually used in the mill, though sold for that purpose, are questions not here decided, not having been fully argued in this court.

APPEAL from the Circuit Court for *Dodge* County.

This action was brought to recover real estate in the incorporated village of Juneau, in Dodge county, which is alleged to be unlawfully withheld by the defendants from the possession of the plaintiff.

The pleadings and evidence show that the premises in controversy, which contains between two acres and three acres of land, was owned by Henry Bonner and Henry Doering, in March, 1868, who commenced to erect a mill thereon during the following spring, probably in May; that on the 6th day of July in that year, Bonner sold and conveyed his interest in the premises to Doering; that on the 27th of June, 1868, the plaintiff sold lumber to Doering, to be used in the erection of such mill, to the amount of $1,272.56, all of which except $600, was paid by Doering; that the plaintiff filed his petition for a lien and commenced an action against Henry Doering alone, within the time required by the statute, (*Tayl. St's.* 1775. ch. 53.) to enforce a lien upon the mill and premises for the remaining $600 of the price of such lumber, and such proceedings were had in said action, that the plaintiff recovered judgment for the amount claimed, and that the same be a specific lien upon such mill and the interest which Doering had in said premises on the 27th day of June, 1868; and that the same were sold by the sheriff of Dodge county, to the plaintiff, by virtue of an execution upon such judgment, and on the 30th day of September, 1868, being the date of the execution sale, the mill and premises thus sold were conveyed to the plaintiff by the sheriff, by a deed in the usual form, duly executed and acknowledged. On the trial the parties stipulated that the north 144 feet of the lot claimed in this action and described in the sheriff's deed, contains one acre, and is reasonably convenient for the use of said mill. which is

situated thereon.   The plaintiff filed in open court a release to the defendants, or a remitter of all claim by virtue of such judgment and deed to the residue of the premises, over and above the north 144 feet thereof.   There was a clerical error in the description of the premises in the lien judgment, which the court permitted the plaintiff to correct by amendment, against the objection of the defendants.   The petition for a lien was filed November 20th, 1868.

It appeared on the part of the defendants, that Henry Doering conveyed the premises in controversy to them and seven others, on the 30th day of September, 1868, by a deed of warranty; that before this action was commenced, all of their said co-grantees conveyed their respective interests in the premises to the defendants; and that the grantees of Doering were in open possession of the premises from the date of the conveyance to them, until the whole premises were thus conveyed to the defendants, since which time the latter have had like possession thereof.

On the trial, the defendants offered testimony to prove an averment in their answer, to the effect that the deed from Doering to them, and others, was executed in consideration of work done upon said mill, and materials furnished for, and used in the erection thereof, by the grantees therein named, for the price of which work and materials such grantees were entitled by law to enforce a lien upon the mill and premises at the time when such deed was executed.   The court rejected such testimony.

The court also rejected testimony offered by the defendants for the purpose of proving, and which, had it been received, would, or might have tended to prove, allegations in their answer, to the effect that the $600 for which the plaintiff obtained the lien judgment against Henry Doering, was fully paid by one Lewis Doering when the lumber was delivered; that such payment was made by the transfer to the plaintiff of a promissory note for that sum and ten per cent. interest, dated June 27th, 1868, and due six months after date, executed by Henry

to Lewis Dœring, and by the latter duly enclosed and delivered to the plaintiff; that the plaintiff recovered judgment on said note against Henry and Lewis Dœring, February 20th, 1869, which judgment is a lien upon sufficient real estate belonging to said Lewis, to satisfy the same; and that the plaintiff could easily collect his judgment of Lewis, but has made no effort to do so.

The defendants also alleged in their answer, and offered testimony to prove, that only a small part of the lumber purchased of the plaintiff by Dœring, was actually used in the erection of the mill, but the court ruled out the testimony.

The court found for the plaintiff, (a jury having been waived,) and judgment that the plaintiff recover the north 144 feet of the premises, or lot described in the complaint, was duly entered. The defendants appealed.

*L. T. Fribert* (with *E. P. Smith,* of counsel,) for appellants. *Elwell* & *Lander, contra.*

Lyon, J.   I. The error in the lien judgment, which the court permitted the plaintiff to correct by amendment, was of such a character that it scarcely required to be corrected. The complaints in this, and in the lien action, correctly described the premises in controversy. This is substantially admitted by the answer. The premises are therein described as being all that part of lot 18, lying north of a straight line drawn from the southwest corner of a certain railroad depot, which is fairly to be inferred is on the east side of the lot,) to a point on the west line of the lot, 361 feet *south* of the northwest corner thereof. The lien judgment located such point 361 feet *north* of that corner, which is the error in question.

The complaints and the lien judgment also state that the premises are the same which were conveyed to Bonner and Dœring by the trustees of the Illinois and Wisconsin land company, by deed recorded in the office of the Register of Dodge county, April 18th, 1868, in vol. 47 of deeds, on page 46.

There is no claim or pretence that this deed does not correctly describe the premises, and it must be taken as conceded, that it does so. The reference to this deed is, of itself, a sufficient description of the premises, and taken in connection with the other descriptions thereof in the lien judgment, corrects the mistake, and the premises are described in such judgment with reasonable certainty and accuracy. The error is so perfectly apparent that no one could be deceived or misled by it. Inasmuch as the defendant could not be injured by the amendment, it is unnecessary to decide whether the circuit court had, or had not, the power to permit it to be made.

II. For a like reason the filing of the remitter to the defendants, of the balance of the premises over and above one acre, (if the court erred in allowing it to be done) is not an error which will work a reversal of the judgment, for it was in favor of the defendants. But we do not think that it was error. The lien judgment is not void, because it gave the plaintiff a specific lien on more than one acre of land in an incorporated village. Had that judgment been brought here by appeal, this court would, doubtless, have directed the circuit court to ascertain the specific acre to which the lien ought to attach, and then to so modify the judgment as to give the plaintiff his lien on that acre alone. The stipulation of the parties ascertains the acre of land to which the lien should attach, and the remitter confines the specific lien of the plaintiff to that acre. Thus the stipulation and remitter together, have worked out the proper result, and defendants have no just cause for complaint in that behalf.

III. We are of the opinion that the fact that the persons who held the legal title to the premises when the lien suit was commenced, were not made parties to the action brought to enforce the lien, does not invalidate the lien judgment. The statute in terms authorizes the court, in an action of that character against a debtor, to render a judgment which shall be a specific lien upon the premises affected by it. *Tayl. Sts.*, 1765, § 14. We

cannot hold that such judgment is void as against these defendants, without entirely disregarding the statutes.

IV. But a most vital question in the case is: Does the judgment in the lien suit so absolutely bind the defendants who were not parties thereto, that they are precluded from contesting the validity thereof, or the amount for which it ought to have been rendered, or from redeeming the land after a sale thereof pursuant to such judgment? The circuit court resolved this question in the affirmative, and hence, refused to allow the defendants to introduce any testimony to prove that the lien judgment was invalid, or that it was rendered for too large a sum, and, by giving judgment that the plaintiff recover the premises absolutely, it denied the defendants the right of redemption.

After careful consideration, we are satisfied that these decisions and rulings of the circuit court were erroneous. The general rule of law is, that all persons having an interest in the subject matter of an action, when the same is commenced, should be made parties thereto, and that none but parties and privies are concluded by the adjudication. This rule is so eminently reasonable and just, that no exceptions should be made to it unless clearly created by law. It is true, as we have already seen, that the statute permits the creditor to have his specific lien declared and adjudged in an action against the debtor alone, but it goes no farther. It does not enact that such lien judgment shall be conclusive upon all persons having an interest in the premises at and before the commencement of the action, whether such persons were or were not parties to the action. The statute, therefore, does not make actions brought under it to enforce liens, exceptions to the general rule above stated, and it ought not. Had these defendants and their co-grantees purchased the premises of Doering after the filing of notice of the pendency of the lien suit, they would then be in privity with Doering and bound by the judgment, although not parties on the record. If necessary for their protection, the

court would have admitted them as parties defendants in the lien suit. But they purchased long before the lien suit was commenced, and their conveyance from Doering was on record and they were in the open possession of the premises, even before the plaintiff's petition for a lien thereon was filed. To hold, under such circumstances, that the defendants are absolutely and finally concluded by the lien judgment, would require a construction to be given to the statute which the legislature evidently never intended that it should have, and would open a wide door for the perpetration of most flagrant frauds.

The old and salutary rule must prevail in this case, and the defendants must have their day in court on all questions affecting their interests in the premises, before their rights can be concluded by the judgment of the court.

V. We think that the lien judgment is *prima facie* evidence in this action of the extent and amount of the plaintiff's lien on the premises, in the same manner that a mortgage on the premises, (had one been given,) executed by Doering to the plaintiff, and recorded June 27th, 1868, would be *prima facie* evidence of the extent of the lien thereby created, as against the defendants or any other subsequent purchasers or incumbrancers of the same premises. Indeed, it seems to us that the effect of the lien judgment is the same, as against these defendants, as would have been the effect of a mortgage on the same premises for $600, duly executed by Doering to the plaintiff, and recorded June 27th, 1868. In the one case the lien is created, or at least vitalized, by the judgment of the court, and in the other it is created by the act of the parties. In either case it is only a lien, and there seems to be no good reason for holding that there is any difference in the two cases, as regards the rights of subsequent purchasers, to contest the validity or amount of the lien, or to redeem therefrom.

In the case above supposed, it will not be disputed, that if the plaintiff had foreclosed the mortgage without making the defendants parties to the action, the purchaser, at the fore-

closure sale, would have taken nothing, as against these defendants, but an assignment of the mortgage. The defendants would still own the equity of redemption, notwithstanding the sheriff's deed to the purchaser at the foreclosure sale. *Stark v. Brown*, 12 Wis., 572; *Moore v. Cord*, 14 Wis., 213. Neither will it be controverted, that in an action brought to foreclose a mortgage upon lands which have been subsequently conveyed, or incumbered by the mortgagor, and to which action such subsequent purchaser or incumbrancer is a party, the latter may contest the validity of the prior mortgage or the amount due on it, and may redeem therefrom. No good reason is perceived why the same principle is not applicable here.

VI. The plaintiff cannot recover any greater interest in the premises included in the lien judgment, as modified by the remitter filed by him, than such judgment gives a lien upon, and directs to be sold; that is to say, he can only recover, in any event, the interest which Henry Dœring had therein on the 27th day of June, 1868. It appears that on that day Dœring owned only an undivided half of the premises. It may be that the plaintiff was entitled to a judgment giving him a specific lien for his claim on the whole of the premises, but he shows no such judgment.

VII. The fact that the consideration for the deed from Dœring, under which the defendants claim, consisted of demands against him, for which the grantees therein were entitled to bring actions and to enforce specific liens, for the amount of such claims against the mill and premises in controversy, does not place the defendants in a position better than they would have occupied had they paid for the premises a consideration of a different character. Liens of this kind do not exist at the common law, but are purely statutory, and are not available unless enforced in the manner and within the time prescribed by the statute. The defendants having failed to avail themselves of the statutory remedy to enforce a lien upon the prem-

ises, for their original claims, cannot assert a right thereto in this action.

VIII. The statute provides that, "The taking of a promissory note or other evidence of indebtedness, for work and labor or materials furnished, shall not be deemed to waive the right of the party taking the same to prosecute and perfect his lien in the manner provided by law." Tay. Sts., 1764, § 10. It seems apparent that such provision does not apply to a case where the note or other evidence of debt is expressly received as a payment for such work or materials, for if so received, there is no debt for work or materials existing, and hence, no foundation for enforcing a specific lien. We think, therefore, that the defendants should have been permitted to prove that the plaintiff received the note endorsed by Lewis Dœring as a payment for the lumber sold by him to Henry Dœring.

IX. When the action is again tried, if anything is found to be due the plaintiff by virtue of his lien judgment, the defendants must be allowed a reasonable time, to be designated by the circuit court, within which they may pay the same and redeem the premises from the lien of such judgment. If nothing be found due the plaintiff on such judgment, he is not entitled to recover, and in such case the sale and sheriff's deed of the premises must be set aside and amended pursuant to the prayer in the counter-claim of the defendants.

X. There are other questions of considerable importance, which may and probably will arise when the case is again tried, and which have been somewhat argued on this appeal, but not fully so on both sides. These are: 1. Was the taking of the note endorsed by Lewis Dœring, for the lumber, a waiver by operation of law of the plaintiff's right to a lien, although the same was not expressly received by the plaintiff as a payment for the lumber? 2. Must the plaintiff first exhaust his remedy on his judgment against Henry and Lewis Dœring, recovered on such note, before he can be permitted, as against these defendants, to resort to his lien judgment? And, 3. Is he enti-

tled as against these defendants, to enforce such lien judgment, for any lumber which, although sold for that purpose, was not actually used in the erection of the mill? We have thought proper to withhold an opinion upon these questions at this time. Should the case unfortunately find its way here again, and should those questions be presented for our consideration, we would then have the benefit of the opinion of the learned circuit judge upon them, and also of more full arguments by counsel.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for further proceedings according to law.