LAMPSON vs. BOWEN.

MECHANIC'S LIEN JUDGMENT. *(1) Who bound by it. (2, 3) When vacated to admit owner of the property as defendant.*

1. Where a judgment to establish and enforce a mechanic's lien has been taken without making the person who owned the property at the commencement of the action a party, he will not be bound by such judgment, but may litigate the right of the judgment plaintiff in a subsequent action between the parties interested, brought to recover the possession or to quiet the title. *McCoy v. Quick,* 30 Wis., 551.
2. The court by which the lien judgment is rendered, may, however, upon motion of such owner and upon a proper showing of facts, set aside the judgment within a year after its entry, and admit the moving party to defend against the claim for a lien (*Ætna Ins. Co. v. Aldrich,* 38 Wis., 107); and generally this course is best in order to avoid circuity of action and promote the interests of all parties concerned.
3. The statute makes the lien for work done or materials furnished in the construction of a building paramount to any other lien which originates subsequent to the *commencement of the building* (R. S., ch. 153, sec. 1); and the judgment in a suit to enforce such a lien should not be opened on the motion of one who, before such suit was brought, had purchased the land at a mortgage foreclosure sale, merely on the ground that no part of the demand for labor and materials accrued before the execution and recording of the mortgage; it appearing that such mortgage was given *after* the building was commenced.

APPEAL from the Circuit Court for *Brown* County.

On the 23d of October, 1874, one Joseph S. Curtis, being the owner of certain lots in the city of Green Bay, executed a mortgage thereon to the appellant *Bowen,* to secure the payment of $10,000 and interest. Curtis had previously commenced the erection of a dwelling-house upon such lots, and

when the mortgage was executed the house was in process of erection. In April, 1875, Joseph S. Curtis and his wife conveyed their interest in the mortgaged lots to George Curtis. *Bowen's* mortgage not being paid, he commenced an action against Joseph S. and George Curtis and their wives, to foreclose the same, and obtained a judgment of foreclosure in April, 1876. The lots were sold pursuant to such judgment, and bid in by the appellant for the amount of the mortgage debt and costs, which amount is alleged to be greatly in excess of the value of the property.

On the 15th of December, 1875, the plaintiff filed in the office of the clerk of the circuit court his petition for a lien upon said dwelling-house and lots, pursuant to ch. 153, R. S., for an unpaid balance alleged to be due him for work performed by him as a painter and glazier on such dwelling-house, and for materials furnished by him and used in the erection thereof, between September 28, 1874, and September 4, 1875. It is stated in the petition that the erection of the house was commenced November 1, 1873.

On the day the petition was filed, the plaintiff commenced an action in the circuit court against Joseph S. Curtis and George Curtis to enforce such lien; and on the same day Joseph S. Curtis stipulated that the plaintiff have judgment in the action forthwith for $395.38, damages and costs. The following day, December 16, Joseph S. Curtis, by indorsement thereon, admitted service of the summons upon himself, and also, as attorney for George Curtis, admitted service thereof upon the latter.

Judgment was rendered in the action December 20, 1875, pursuant to such stipulation, the amount of which was adjudged a specific lien upon the interest which Joseph S. Curtis had in the building and lots in question, November 1, 1873, when the erection of the building was commenced.

Within one year after the entry of such judgment, *Bowen* moved the court to open the same and admit him as a party

'to the action, to defend against the plaintiff's claim. The motion was founded upon an affidavit of *Bowen*, stating the foregoing facts, and further alleging that *Lampson* did not furnish any materials or do any work in and about said building prior to the execution or recording of said mortgage to the affiant, and if any such work was done and materials furnished, he was paid therefor prior to the execution of said mortgage; that J. S. Curtis allowed judgment to be taken by *Lampson* against said building and the real estate upon which the same is situate, so as to evade all personal judgment against him, and to charge the affiant with the paying of the same, and said judgment was so entered by the connivance of the parties thereto, and so as to prejudice the right of the affiant to said premises; that the affiant had no knowledge of the entry of said judgment or the filing of the lien in this action, till long after the judgment had been perfected therein; that *Lampson's* claim was adverse to the affiant's right, and affiant therefore desired to litigate directly with *Lampson* the question as to the right of the latter to a lien on said building or premises. There was also the usual affidavit of merits.

The circuit court denied the motion, and *Bowen* appealed from the order.

For the appellant, a brief was filed by *Hudd & Wigman*, and the cause was argued orally by *Mr. Hudd*. As to the power and practice of courts in opening judgments in order to let in new parties, they cited *Jewett v. Crane*, 13 Abb. Pr., 93, 100; *Godfrey v. Townsend*, 8 How. Pr., 398; *Sharp v. Mayor*, 31 Barb., 578; *Ellsworth v. Campbell*, id., 134; *Davis v. Mayor*, 2 Duer, 663; *Conklin v. Bishop*, 3 id., 646; id., 154; *Scheidt v. Sturgis*, 10 Bosw., 606. To the point that a judgment obtained by connivance between the parties will be vacated as fraudulent on motion of one prejudiced thereby, they cited *Clevland v. Porter*, 10 Abb. Pr., 407; *Ross v. Bridge*, 24 How. Pr., 164. And as to *Bowen's* right to be made a party

to this action, and to have the judgment vacated for that purpose, they cited *Whitney v. Brunette*, 15 Wis., 61, 71; *Ætna Ins. Co. v. Aldrich*, 38 id., 111; *McCoy v. Quick*, 30 id., 527–8.   2. As to the rights of the mortgagee against the mechanic's lien for work and materials done and furnished after the recording of the mortgage, they cited *Chapman v. Wadleigh*, 33 Wis., 267, 272.

For the respondent, the cause was submitted on the briefs of *Vroman & Sale*. They contended, 1. That actions to enforce mechanics' liens are actions at law on contract, and the question of the priority of one lien or claim over another is not a proper one for examination in such actions (*Marsh v. Fraser*, 27 Wis., 596; *Hall v. Hinckley*, 32 id., 362, 368–9; *State v. Eads*, 15 Iowa, 114; *Hocker v. Kelley*, 14 Cal., 164; *Van Winkle v. Stow*, 23 id., 457; *Land v. Muirhead*, 31 Miss., 89; *Kaylor v. O'Connor*, 1 E. D. Smith, 672; *Kelsey v. Murray*, 28 How. Pr., 243; *Sawyer v. Chambers*, 11 Abb. Pr., 110); that if *Bowen* wished to contest the plaintiff's claim, or the priority of his lien, he must himself institute proceedings for that purpose (*Kaylor v. O'Connor* and *Hall v. Hinckley*, *supra*); that he might have litigated the question of priority in the action to foreclose his mortgage, which he commenced after he had knowledge of plaintiff's lien (*Board of Sup'rs v. R. R. Co.*, 24 Wis., 121); and that, as *Bowen's* presence as a party was not necessary to a complete determination of the controversy between the plaintiff and defendants, his demand to be made a party was at best not of an absolute right, but of a privilege which the court might grant or refuse at its discretion.   *Scheidt v. Sturgis*, 10 Bosw., 606; 1 Wait's Pr., 163.   2. That *Bowen's* mortgage, executed after the building was commenced, was subordinate to plaintiff's lien (Tay. Stats., 1762, § 1; *Rees v. Ludington*, 13 Wis., 276; *Jessup v. Stone*, id., 467; *Hall v. Hinckley*, 32 id., 362; *Chapman v. Wadleigh*, 33 id., 267; *Nelson v. R. R Co.*, Cont. L. J., Nov. 3, 1876, p. 703), and not a single fact was

stated in the moving papers to show that the judgment was prejudicial to *Bowen's* rights.

LYON, J.   Although not a party to the record in the lien suit, the appellant, who acquired his interest in the lots affected by that suit after the erection of the house thereon was commenced, is the real party in interest as to that portion of the judgment which makes the amount thereof a specific lien upon the house and lots in question.   If the judgment stands, he must pay it to protect his title acquired at the foreclosure sale, and he has no remedy over against Joseph S. or George Curtis.   Hence he ought to have, and must have, the right to resist the enforcement of the lien, either in the lien suit or in some future action between the parties interested.

On the authority of *The Ætna Ins. Co. v. Aldrich*, 38 Wis., 107, we think the circuit court had power, on a proper showing by the appellant, and on his motion, to open the judgment within one year after it was entered, and admit the appellant to defend against the claim of the plaintiff for a lien on the premises.

That the appellant may litigate the right of the plaintiff to such lien, in a future action between them brought by either party to recover the property or to quiet the title thereto, notwithstanding the judgment in the lien suit, was determined in *McCoy v. Quick*, 30 Wis., 521.   But it will avoid circuity of action and best promote the interests of all parties concerned, to determine in the lien suit the whole controversy and settle the rights of all parties in the premises in question.   This cannot be done unless the appellant be made a party to the lien suit.   Hence, we think the appellant's motion should have been granted, if he has shown that his interest in the premises in question is not subject to the lien adjudged in favor of the plaintiff.

It is not denied that Joseph S. Curtis was indebted to the plaintiff to the amount of the judgment;   that as against

said Curtis the plaintiff is entitled to a lien upon the premises for such amount; and that the erection of the house was commenced before the execution of the appellant's mortgage. There is, therefore, no question of fraud in the case.

The only other ground upon which the appellant claims that his interest in the premises is not subject to a lien for plaintiff's demand, is, that no part of such demand accrued before the execution and recording of his mortgage. We think this ground is untenable. The statute provides that such lien shall be paramount to any other lien which originated subsequent to the commencement of the building. R. S., ch. 153, sec. 1 (Tay. Stats., 1762, § 1). The language of the statute is very plain, and leaves no doubt as to what is intended. To construe the statute to mean that such lien should commence to run from the time the mechanic commenced work on the house, or the material man commenced to furnish materials therefor, and should only be paramount to liens which originated after that time, but subject to liens which originated before that time and after the erection of the building was commenced, would be to pervert the language and plain meaning of the statute.

*Chapman v. Wadleigh*, 33 Wis., 267, is somewhat relied upon by the learned counsel for the appellant as tending to establish the opposite view of the statute. We think, however, that the case is in harmony with the views above expressed. The facts were somewhat complicated, a lien having been claimed for lumber furnished to erect two buildings on one lot and to repair another building on an adjoining lot. We held that the lien for the price of the lumber furnished for each building dated from the commencement of such building or the repair thereof; and on that basis we adjusted the rights of the plaintiffs and of a defendant who owned several mortgages on the lots executed at different times.

We conclude that the appellant failed to show any valid reason why the lien judgment should be opened to allow him

to come in and defend against the lien, and hence, that the circuit court properly denied his motion in that behalf.

Of course, if the appellant has any valid defense to the claim of the plaintiff for a lien, not disclosed on his motion, he may avail himself thereof in any appropriate action brought to determine his rights or those of the plaintiff in the premises in question. *McCoy v. Quick, supra; Hall v. Hinckley,* 32 Wis., 362.

*By the Court.* — The order appealed from is affirmed.