VILAS, Respondent, vs. McDONOUGH MANUFACTURING COMPANY, imp., Appellant.

*November 27 — December 17, 1895.*

*Mechanics' liens: Mortgages: Priority: Constitutional law.*

Under sec. 3314, R. S., — providing that "every person who, as principal contractor, . . . furnishes any materials . . . for, in or about the erection, construction, repair or removal of any . . . building, or any machinery erected or constructed so as to be, or become a part of the freehold upon which it is situated . . . shall have a lien thereupon, and upon the interest of the owner of such . . . building, machinery . . . in and to the land upon which the same is situated;" and that "such lien shall be prior to any other lien which originates subsequent to the commencement of the construction . . . or work aforesaid of, or upon such . . . building, machinery," etc.,— one who furnishes the machinery for the construction of a new mill has a right to a lien upon the mill building and the freehold as one who has furnished materials for its construction; and such lien is prior and paramount to any other lien originating subsequently to the commencement of the construction of the mill. So *held*, as against a mortgage of the mill building and premises, taken and recorded before any part of the machinery was furnished or put into the mill. [CASSODAY, C. J., dissents, being of the opinion that, if so construed, the statute deprives the mortgagee in such a case of his property without "due process of law," and denies to him "the equal protection of the laws," in violation of sec. 1, art. XIV,

Vilas vs. McDonough Mfg. Co.

Amendm. Const. of U. S., and that it should be construed as giving the lien only from the time the machinery began to be put into the mill.]

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Reversed.*

This is an action to foreclose a mortgage on a lumber mill and other property in the city of Ashland. On the 31st day of December, 1890, the plaintiff lent to one Donald A. Kennedy, who was then the owner of the mill and land, $10,000, and took a mortgage thereon, dated the same day, and recorded on the 10th day of January, 1891, for security for its repayment. Before making the loan, the plaintiff made inquiry as to the title to the property, and as to incumbrances upon it, and was assured that there was no lien or incumbrance upon the property, and that there was no outstanding contract wherefrom any lien or incumbrance could arise. Kennedy had recently built the mill, which was still unfinished and substantially without machinery. Afterwards he put in it machinery which he bought of the appellant.

The appellant is a manufacturer of sawmill machinery, at Eau Claire, Wisconsin. Between the 14th day of February, 1891, and the 4th day of May, 1891, it manufactured for, and sold and delivered to, Kennedy, sawmill machinery to the amount and value of $5,259.25, which was put into the mill and became a part thereof. This machinery was manufactured and furnished to Kennedy pursuant to a verbal order or agreement made about November 5, 1890, whereby appellant agreed to manufacture the machinery and ship it as ordered. The appellant commenced immediately to manufacture the machinery, and had some of it completed before the date of plaintiff's mortgage, and manufactured and shipped it all as ordered and previously agreed upon. The appellant filed its petition for a mechanic's lien October 26, 1891, claiming $4,259.25.

The plaintiff made the appellant and other lien claimants

Vilas vs. McDonough Mfg. Co.

·defendants in his foreclosure action. The appellant set up its claim of lien, which it claimed to be prior and paramount to the lien of plaintiff's mortgage. The trial court decided against this claim, holding the plaintiff's mortgage to be the prior and paramount lien, and gave judgment accordingly. From this judgment the appeal is taken.

*T. F. Frawley*, for the appellant, argued, among other things, that the mechanic's lien of appellant for sawmill machinery and material, manufactured for and furnished to Kennedy under and in pursuance of the contract of November 5, 1890, to complete and equip his sawmill, theretofore commenced and then in process of erection, a considerable portion of such machinery and material being so manufactured at the time of the execution of plaintiff's mortgage, December 31, 1890, and a large amount thereof being so manufactured and completed at the time of the recording thereof, January 10, 1891, and all of such machinery and material having been used in the completing and equipping of said sawmill, so that the same became and constitutes a part of the freehold, though no part thereof had been delivered at said sawmill until nearly two weeks after the recording of such mortgage,— attached to the one acre of land, upon which the mill is situate, from the date of the commencement of such sawmill, September 1, 1890, and is superior and paramount to plaintiff's mortgage. Sec. 3314, S. & B. Ann. Stats.; 15 Am. & Eng. Ency. of Law, 88; *Apperson v. Farrel*, 56 Ark. 640; *McCrea v. Craig*, 23 Cal. 522; *Marston v. Kenyon*, 44 Conn. 350; *Haxtun S. H. Co. v. Gordon*, 2 N. Dak. 246; *Monroe v. West*, 12 Iowa, 119; *Neilson v. I. E. R. Co.* 44 id. 71; *Gardner v. Leck*, 52 Minn. 522; *Miller v. Stoddard*, 54 id. 486; *Merrigan v. English*, 5 L. R. A. 837; *Morris Co. Bank v. Rockaway Mfg. Co.* 14 N. J. Eq. 189; *Manhattan L. Ins. Co. v. Paulison*, 28 id. 304; *Hewson-Herzog S. Co. v. Cook*, 52 Minn. 534; *Ameri-*

can *F. Ins. Co. v. Pringle,* 2 Serg. & R. 138; *Pennock v. Hoover,* 5 Rawle, 292; *Hahn's Appeal,* 39 Pa. St. 409; *Parrish & Hazard's Appeal,* 83 id. 111; *Bassett v. Swarts,* 17 R. I. 215; *Davis v. Bisland,* 85 U. S. 659; *Brooks v. Railway Co.* 101 id. 443; *Meyer v. Hornby,* id. 728; *Hall v. Hinckley,* 32 Wis. 362; *Lampson v. Bowen,* 41 id. 484; *Wis. Planing M. Co. v. Schuda,* 72 id. 277; Mansfield's Digest of Ark. Stats. sec. 4408. The lien for machinery may exist under three different forms: (1) Where such machinery enters into the construction, as a component part of a building, as in the case at bar, and the person ordering or purchasing such machinery has such an interest in the land that the lien attaches thereto, the machinery becomes and is as much a part of the building as the walls, the doors, or any other part thereof, and a lien for such machinery is preserved and given by the provisions of the statute as they existed prior to the revision of 1878, and attaches not to the machinery alone, but to the building and the land upon which it is situate. *Donahue v. Cromartie,* 21 Cal. 80; *Stockwell v. Campbell,* 39 Conn. 362; *Reilly v. Hudson,* 62 Mo. 383; *Gray v. Holdship,* 17 Serg. & R. 413; *Morgan v. Arthurs,* 3 Watts, 140; *Parrish & Hazard's Appeal,* 83 Pa. St. 111; *Cooper v. Cleghorn,* 50 Wis. 113; *Spruhen v. Stout,* 52 id. 517. (2) When the machinery so furnished is and constitutes the structure itself, independent of any building, such as pumping machinery, hoisting works, etc. (3) The specific lien given, with right to remove machinery, where the person who ordered or purchased did not have sufficient title for the lien, and where the same may be removed therefrom, leaving such building or premises in as good condition as they were before such machinery was placed in or on the same.

For the respondent there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *E. P. Vilas.*

NEWMAN, J.   The question is whether the appellant's lien for machinery supplied to Kennedy's mill after the date of the execution of the plaintiff's mortgage upon the mill property, is prior and paramount to the lien of the mortgage. This question must be determined upon the proper interpretation of the statute which gives the lien.   It is sec. 3314 of the Revised Statutes.   So far as material to the question to be decided, it reads as follows:

" Every person who, as principal contractor, architect, civil engineer or surveyor, performs any work or labor, furnishes any materials, or prepares any plans or estimates for, in or about the erection, construction, repair or removal of any dwelling house or other building, or any machinery erected or constructed so as to be, or become a part of the freehold upon which it is situated, . . . shall have a lien thereupon, and upon the interest of the owner of such dwelling house, building, machinery . . . in and to the land upon which the same is situated. . . . Such lien shall be prior to any other lien which originates subsequent to the commencement of the construction . . . or work aforesaid of, or upon such dwelling house, building, machinery, . . . and shall also attach to and be a lien upon the real property of any person on whose premises such improvements are made."

The object of the interpretation of a statute is to ascertain what the legislature intended to accomplish by it.   When that intention is ascertained, that is the law.   Statutes giving what are called " mechanics' liens " provide new remedies not given by the common law.   They are supplementary to the common law, and remedial in their nature, and are to be fairly, even liberally, interpreted, so as to make the remedial purpose of the legislature effectual.

The statute recited above, so far as relates to the question involved, gives liens in two classes of cases.   It gives liens to persons who furnish materials for the construction

Vilas vs. McDonough Mfg. Co.

of buildings, and to persons who erect machinery on the lands of others. The latter case is not included in the former, but is supplementary or additional to it. It provides for cases which are not within the former provision. The mechanic's lien statute, as at first enacted and in force, had only the former provision. The latter was subsequently added for the purpose of including within the benefits of the statute cases not already within it. While the statute as it now stands, with both cases included within it, was re-enacted as a whole in the revision of 1878, it, no doubt, bears the same interpretation as if the two provisions were contained in separate statutes.

The case of one who furnishes the machinery for the construction of a new mill is the case of one who furnishes materials for the construction of a building. The machinery, when attached, becomes a part of the building and is real estate. The building without the machinery is no mill. The building with the machinery attached becomes a mill, but still is described by the generic term "building." It is subject to the liens which the statute gives to such as furnish materials for the construction of a building. This seems to be elementary, and to require no amplification. But it may be confirmed by citation of authority. Phillips, Mech. Liens (3d ed.), § 177, says: "Fixtures, machinery, etc., when necessary to the original purposes of the structure, and erected with it, may become responsible to the lien, when they would not otherwise have been, without express enactment, if put up independently. As between the owner and mechanic, everything put into and forming a part of a building, or machinery for manufacturing purposes, and essential to the manufactory, is a part of the freehold; as wheels of a mill, . . . are subject to the mechanics' lien law." In *Summerville v. Wann*, 37 Pa. St. 182, it was held that a statute which provides that "every building erected . . . shall be subject to a lien for the payment of all

debts contracted for work done or materials furnished for or about the erection or construction of the same" gives a lien against the building for engines and machinery constituting a part of a new mill. In *Dimmick v. Cook & Co.* 115 Pa. St. 573, it was held, under the same statute, that a lien was given on a new hotel for furnishing such articles for its construction as "heating, laundry, and cooking apparatus." In *Dickey's Appeal*, 115 Pa. St. 73, it was held that a battery of boilers, imbedded in brick and stone and mortar, a funnel chimney or stack, built on firm foundation and extending through the roof, the engines, cranes, wire mills, furnace trains, and other fixtures firmly attached to the realty, all a part of the realty, and all together constituting one plant, are all part of the building, within the meaning of the law which gives a lien upon the building for materials furnished in its construction.

So, it must be considered that the appellant has a right to a lien upon the mill building and the freehold, as one who has furnished materials for its construction. It is within the former class,— a lien upon the building itself. Being a lien upon the building itself, it is not a lien upon machinery otherwise provided for. This being established, there is little occasion to consider what cases come within that provision which gives a lien to the person who erects machinery on the lands of another. Probably it will be found that all are cases where the machinery erected does not become a constituent part of a building upon which a lien might be had. The windmills found upon so many of the farms are samples. Where a lien is given on the building itself, there can be no lien upon the details or constituent parts of the building. The greater includes the less. This seems to be evident.

The appellant's lien, being upon the building itself, is prior and paramount to any other lien which has originated sub-

sequently to the commencement of the construction of the mill, by express provision of the statute itself. It is prior and paramount to the plaintiff's mortgage, which was executed since the commencement of the building. The fact that the plaintiff had not begun to furnish the machinery for which his lien is claimed, at the mill, at the time when the plaintiff made his loan and took his mortgage, is irrelevant to the question. This was so decided in *Lampson v. Bowen*, 41 Wis. 484. That case was, in some of its features, very much like the present case. It can almost be said to be a precedent for this case. Granted that furnishing machinery is furnishing materials for the building, and it is on all fours with this case. It was a question between the holder of a mortgage executed while a dwelling house was in process of erection on the premises, and a lien claimant for labor and materials furnished subsequently to the execution and recording of the mortgage. It arose on a motion of the mortgagee to be let in to defend against the lien claimant. The motion was based upon an affidavit which alleged that none of the work was done or materials were furnished prior to the execution or recording of the mortgage. The court say: " To construe the statute to mean that such lien should commence to run from the time the mechanic commenced work on the house, or the material man commenced to furnish materials therefor, and should only be paramount to liens which originated after that time, but subject to liens which originated before that time and after the erection of the building was commenced, would be to pervert the language and plain meaning of the statute." The condition of the building, its unfinished state, was notice to the plaintiff, within the contemplation of the law, that further expenses for the completion of the building for its original purpose as a mill were in contemplation, which in some contingency, not remotely likely to happen, might eventuate in a lien

which would be prior and paramount to the lien of his mortgage. *Chapman v. Wadleigh,* 33 Wis. 267.

*By the Court.*— That part of the judgment appealed from is reversed, and the cause remanded with direction to modify the judgment in accordance with this opinion.

CASSODAY, C. J. It is found by the trial court, and remains unchallenged, that on or about September 1, 1890, the defendant Kennedy commenced the erection of his mill in Ashland, and that the "building was practically completed" by him before he gave the note and mortgage to the plaintiff. It is conceded by my brethren that the mere "order or agreement," made about eight weeks prior to the execution of the plaintiff's mortgage, whereby the defendant company "agreed to manufacture the machinery and ship it *as ordered,*" did not of itself create a lien upon the building or land in favor of the company. It is, moreover, conceded that the mere fact that, in pursuance of that order or agreement, the company commenced to manufacture at its shops in Eau Claire some of such machinery, and actually had some of it completed at such shops prior to the making or recording of that mortgage, did not of itself create a lien upon the building or land in favor of the company. The trial court found, and it remains unchallenged, that the first machinery shipped by the company from Eau Claire to Kennedy at Ashland was on January 22, 1891,— twenty-two days after the plaintiff, relying upon assurances that there was no lien or incumbrance upon the property, loaned the money and took the mortgage, and twelve days after that mortgage had been recorded. From what has been stated it logically follows, and must be conceded, that the lien in favor of the company was wholly created by what took place between January 22, 1891, and May 4, 1891, inclusive, as mentioned in the opinion filed. This being so, the company is in no more favorable position than it would have

Vilas vs. McDonough Mfg. Co.

been if the "order or agreement" for the machinery had been made after the recording of the mortgage, and the same had all been subsequently manufactured. It follows, as a necessary sequence, that, at the time the plaintiff loaned his money and took the mortgage, the building and land in question were free and clear from any incumbrance in favor of the company, and that the same continued to be true, not only up to the time of recording of the mortgage, but for several days thereafter. All this is, in effect, conceded by my brethren; but, as they construe our statute, they feel constrained to hold that, although the lien in favor of the company was wholly created after the recording of the plaintiff's mortgage, yet that, when so created, it related back to the commencement of the building, September 1, 1890, and thus became "prior and paramount to any other lien which has originated subsequently to the commencement of the construction of the mill, by express provision of the statute itself," and hence "is prior and paramount to the plaintiff's mortgage, which was executed since the commencement of the building."

Under such construction of the statute, the company's lien would have so related back and become prior and paramount to the plaintiff's mortgage, even had the lien not been created for several months or even for several years after the recording of the mortgage; and this would be so even if Kennedy borrowed the money with the avowed purpose of paying for such machinery and otherwise keeping out of debt. The decision is to the effect that the company and Kennedy were, by transactions which occurred wholly after the recording of the plaintiff's mortgage, enabled, by virtue of the statute, to divest the plaintiff's lien and render the same subordinate and subject to the lien in favor of the company for machinery thereafter sold and delivered, to the amount of $5,259.25; and that, too, without the consent or knowledge of the mortgagee, and without any notice to him, actual or

constructive. True, it is said in the opinion filed, in effect, that the completed building, without the machinery in it, was notice to the plaintiff, within the contemplation of law, that further expenses were in contemplation, which "might eventuate in a lien which would be prior and paramount to the lien of his mortgage." The fact that Kennedy had completed the construction of the building, and that the same and the land upon which it was situated were free and clear of all liens and incumbrances at the time he borrowed the $10,000 and gave the mortgage thereon as security, would seem to indicate to the ordinary mind that he did not contemplate running in debt for the machinery. But the mortgagee was not bound to take notice of things which at the time of taking and recording his mortgage had no existence except in the "contemplation" of the mortgagor, — and there only, in the language of the opinion filed, in case of "some contingency not remotely likely to happen."

The statute, as construed by the majority of the court, is, in my judgment, repugnant to that provision of the constitution of the United States which declares that "no state shall . . . deprive any person of life, liberty, or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws." Amendments, art. XIV, sec. 1. That provision was ordained and established for the very purpose of taking away from every state and its legislature every one of the powers thus prohibited. A majority of this court have just held, in an opinion by my Brother Newman, that notice of forty days by publication in case of street assessments is not such due process of law as to conclude and bar the lot owner. *Hayes v. Douglas Co.* 92 Wis. —.[1] But here, as indicated, the plaintiff is divested of substantial property rights without any

---

[1] The case of *Hayes v. Douglas Co.* was not finally determined until the denial of a motion for a rehearing on March 10, 1896, and it is reported as of that date.— Rep.

notice. True, the validity of the statute, as thus construed, was not discussed at the bar, and is not mentioned in the opinion filed. Nevertheless, the effect of the decision is to divest the plaintiff of a vested right of property, without any notice, and by reason of transactions which occurred wholly after the recording of the mortgage, and which transactions had no existence at the time of recording the mortgage, except as mere contingent possibilities in the contemplations of the mortgagor and the company.

But it is unnecessary to extend this discussion in a mere dissenting opinion on a point not mentioned, but necessarily decided, in the opinion filed. Besides, four years ago my views upon a similar question were expressed, and numerous authorities cited in support of them, in a dissenting opinion in *Mallory v. La Crosse Abattoir Co.* 80 Wis. 180–186. That decision gave a lien to a subcontractor without regard to the contract price or the sum due from the owner to the principal contractor. As there indicated, the validity of such legislation must finally be determined by the supreme court of the United States; and, until so determined, the question is open to the expression of opinion. In addition to the authorities cited in that opinion in support of the views here expressed, see *St. Louis & S. F. R. Co. v. Gill,* 156 U. S. 649; *Ritchie v. People,* 155 Ill. 98; *Wallace v. G., C. & N. R. Co.* 94 Ga. 732; *State v. Julow,* 31 S. W. Rep. 781.

The opinion in the case at bar, like all other decisions of this court in support of the validity of such legislation, fails to meet the objection upon which this dissent is based. It purports to be based upon the letter of the statute,— assuming it to be a valid statute. The construction given is certainly far-reaching in its effects, and strikes at the fundamental right of parties to make their own contracts and deal with property without being embarrassed by secret liens to be subsequently created. It frustrates and renders

nugatory the salutary statute known as the recording act.
The plaintiff here had the right to rely upon the statute
which made all prior and unrecorded conveyances void as
against his mortgage, taken and recorded in good faith and
for full consideration paid.  R. S. sec. 2241.  A mortgage is
a "conveyance," within the meaning of that section.  R. S.
sec. 2242.  Since that is so as to existing secret liens and con-
veyances, it must, for a much stronger reason, be so as to a
lien not created until weeks after the plaintiff recorded his
mortgage.  In my judgment, the statute may be fairly con-
strued as giving the lien only from the time the machinery
began to be put into the building.  And especially should it
be so construed since the rule is well settled that where a
statute is open to two interpretations, one of which would
render it nugatory and the other valid, that construction
should be adopted which makes it valid.

For the reasons given above and in my opinion in the *Mal-
lory Case*, cited, I am compelled to dissent from the decision
in this case.

The question of priority between mechanics' liens and earlier mort-
gages is the subject of a note to *Wimberly v. Mayberry* (94 Ala. 240) in
14 L. R. A. 305.— REP.

