Rogers-Ruger Company, Appellant, vs. Murray, Respondent.

*September 4 — September 23, 1902.*

*Liens: Logs and lumber: Liability of purchaser: Constitutional law: "Due process of law": Construction of statutes.*

1. Sec. 3336, Stats. 1898 (providing that if any property upon which a log lien is claimed shall be sold during the pendency of the claim, the owner "and every purchaser thereof or person acquiring any interest therein during the pendency of such claim" shall be personally "liable to the lien claimant for the amount which may be adjudged to be due him"), is arbitrary, unjust, and oppressive, imposing upon the purchaser the penalty of the entire debt, without regard to the value of the property purchased or the resulting loss to the lien claimant, and is therefore void under sec. 1, Amendm. XIV, Const. of U. S., because it deprives persons of property "without due process of law."

2. The language of the statute being plain, the court cannot read into it words which would limit the purchaser's liability to the actual value of the property received.

Appeal from an order of the superior court of Douglas county: Charles Smith, Judge. *Affirmed.*

The complaint sets out that plaintiff is a corporation. Prior to April 10, 1899, plaintiff became the owner of certain time checks amounting to $5,079.02, issued by J. W. Howes Company to divers persons for work done by them for said firm during the logging season of 1898–99, in cutting logs and manufacturing the same into lumber. At the same time such persons assigned their claims for a lien upon the logs and timber to plaintiff. On May 16, 1899, plaintiff duly filed a lien for said several time checks, and within four months com-

menced an action to enforce the same. After the commencement of the work represented by the time checks, said J. W. Howes Company sold 72,000 feet of the lumber cut from the logs to the defendant, said lumber being of the value of $15 per 1,000 feet. Prior to the commencement of this action plaintiff made a demand on defendant for the value of said lumber, which was refused. Judgment was demanded for $5,079.02 and interest. A demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action was sustained. The plaintiff appeals from the order sustaining the demurrer.

*H. V. Gard,* for the appellant.

For the respondent there was a brief by *Catlin, Butler & Lyons,* and oral argument by *T. E. Lyons.*

BARDEEN, J. This action involves the validity of sec. 3336, Stats. 1898. Such section is as follows:

"If any property upon which a lien is claimed under the foregoing provisions shall, during the pendency of the claim therefor, be transported out of this state, secreted, destroyed, sold, incumbered or so changed in character by intermingling it with other property as to prevent the property upon which the lien is claimed from being subjected to the satisfaction of the lien, the owner of such property and every purchaser thereof or person acquiring any interest therein during the pendency of such claim shall be liable to the lien claimant for the amount which may be adjudged to be due him, which amount may be recovered against any such person in a personal action; provided the petition for lien is filed in accordance with law and an action to foreclose the same is begun within the time limited therefor."

It will be observed from the complaint that the plaintiff has complied with the requirements of this statute, and is seeking to recover from defendant the entire amount of time checks it has purchased. According to the literal reading of the statute, any person who buys an interest in property upon which a log lien is *claimed,* and uses or so disposes of the property

that the lien cannot be enforced, renders himself liable for the entire debt due the lien claimant. It is also to be observed that this extreme liability is not made to rest upon the fact that a lien has been adjudged and determined, but may be declared in any case where a lien is claimed, a petition filed, and action commenced. The good faith or diligence of the person purchasing the property is no protection to him. The lumber may be sold in open market, it may pass through many different hands, it may go into the possession of innocent purchasers, and yet the original owner, and every person acquiring any interest therein "during the pendency of such claim," is liable to the lien claimant for the full amount his due, regardless of the value of the property which may have come to his hands. The value of the property received by the purchaser may be infinitesimal when compared with the amount due the claimant. In this case it was about one fifth. For the simple act of purchasing personal property the statute makes the purchaser liable with the real debtor to the extent stated. The lien claimant need not exhaust his remedy against the real debtor. He need not have the amount his due determined in the suit brought against the party primarily liable. He has only to file his lien, and commence a suit, and then the liability of the other becomes absolute.

Is this a valid enactment? Does it do violence to that provision of the federal constitution which provides that "no state shall . . . deprive any person of life, liberty or property without due process of law, or deny to any person within its jurisdiction the equal protection of the laws." Sec. 1, XIVth Amendment. That it imposes upon the purchaser of any of the commodities upon which the statute gives a lien a penalty if he purchases during the pendency of such claim is perfectly obvious. It thrusts upon such purchaser an obligation having no relation to the value of the property he receives or the loss which the lien claimant sustains. It may be a just and proper thing for the legislature to protect the lien claim-

ant against acts that tend to defeat his lien.   Indeed, it may
go farther, and pass statutes which shall be read into the con-
tracts of the parties when made, and date the inception of the
lien from the commencement of the operations which give rise
to the lien.   Such legislation was sustained in the cases of
*Lampson v. Bowen,* 41 Wis. 484; *Vilas v. McDonough Mfg.
Co.* 91 Wis. 607, 65 N. W. 488; *J. B. Alfree Mfg. Co. v.
Henry,* 96 Wis. 327, 71 N. W. 370 ; and *Fitzgerald v. Walsh,*
107 Wis. 92, 82 N. W. 717.   This principle was carried to its
limit in *Mallory v. La Crosse Abattoir Co.* 80 Wis. 170, 49
N. W. 1071, which sustained the subcontractor's lien under
ch. 333, Laws of 1889, on the theory that such law made the
owner a surety for the original contractor for the payment of
work which resulted in the improvement of his property. This
statute was to be read into the contract of the original parties,
and could be sustained, because it gave the property owner a
remedy over in case he was compelled to pay more than the
amount called for in his contract.   The statute under consid-
eration contains no such provision.   It gives the purchaser no
remedy, while it imposes a burden beyond the contemplation
of the parties.   It is the imposition of the penalty mentioned
that makes the law vicious.   Because it is arbitrary, unjust,
and oppressive, because it creates a liability having no just
relation to the loss sustained by the lien claimant or benefits
received by the purchaser, it comes fairly within the con-
demnation of the federal constitution.

   Much judicial thought has been expended in interpreting
the meaning of the section of the fourteenth amendment men-
tioned, and many cases have arisen in which the learning of
the judges has been displayed.   All agree that the legislature
cannot take the property of one and give it to another.   It
cannot create or enforce penalties, except in the exercise of
the police power or for the general welfare of the people.
Legislation that is so partial and arbitrary as to result in the
spoliation of property has always been condemned.   In fact,

the range of decision has been so wide, and the cases so numerous, that an attempt at citation of authorities would result in confusion.

Counsel for the appellant, while not admitting the invalidity of the statute, argue that it can be sustained by holding that it was only intended to make the purchaser liable for the actual value of the property received, and that the statute may be so construed. No canon of construction of which we are aware sanctions this contention. In words as plain as any that could have been selected, the legislature has manifested its intention. The language is that the party "shall be liable to the lien claimant for the amount which may be adjudged to be due him." The construction contended for would make the statute read "shall be liable to the lien claimant for the value of the property received by him." This court can only construe. It cannot legislate. Words should not be read into or read out of a plain statute. To adopt the construction asked would be to make a new statute. This we cannot do. It must be left as written by the legislature, and its terms, being in violation of the organic law, must be held invalid.

Plaintiff having no basis for its alleged cause of action, the demurrer was properly sustained.

*By the Court.*—Order affirmed.

CASSODAY, C. J. I concur in the decision in this case, but in doing so I do not wish to be regarded as approving the decision of this court in *Mallory v. La Crosse Abattoir Co.* 80 Wis. 170, 49 N. W. 1071, or *Vilas v. McDonough Mfg. Co.* 91 Wis. 607, 65 N. W. 488, cited in the opinion of my Brother BARDEEN.