BOND LUMBER COMPANY, APPELLANT, VS. CHARLES H. MASLAND, APPELLEE.

1. A mortgagee who, when making the mortgage loan, knew that the mortgagor was erecting a hotel building on the land mortgaged, that one threafter claiming a material man's lien on the premises had furnished lumber therefor, and that yet further indebtedness would have to be incurred in completing the building, is not a creditor without notice of such lien.

2. As against a creditor of the land owner with notice of the lien of the material man, such lien is, under Section 1742 of the Revised Statutes, "acquired by any person in privity with such owner by * * * the furnishing of the materials."

This case was decided by Division A.

Appeal from the Circuit Court from Dade County.

The facts in the case are stated in the opinion of the court.

*Isaac A. Stewart* (with whom was Egford Bly on the brief), for Appellant.

*Robbins & Graham,* for Appellee.

MAXWELL, Commissioner.

The appellee filed a bill to foreclose a mortgage given to secure $1,500 loaned by him to one Jackson to enable said Jackson to complete a hotel building which he was then erecting. The Bond Lumber Company claimed a lien upon the same property for materials furnished for said building. The mortgage was given December 16th, 1896. The material was furnished by the Bond Lumber Company at different dates, beginning October 21st, 1896, and ending December 28th, 1896, and its claim for lien was filed with the clerk of the court for record on April 6th, 1897. Masland knew when making the loan that the Bond Lumber Company had furnished lumber to Jackson for the erection of the hotel upon the mortgaged premises, but had no actual knowledge that Jackson was indebted to it for said lumber. He knew also that further expenditures were necessary to the completion of the building. The Circuit Court held the lien of the Bond Lumber Company for materials to be subordinate to the mortgage lien, which ruling is brought to this court for review.

Section 1742 of the Revised Statutes, which was in force when these materials were furnished, provides, 2 (a), that "as against purchasers and creditors of such (land) owner without notice, such lien shall be acquired

upon real estate only from the time of the record in the office of the clerk of the Circuit Court of the county where the real estate lies, of a notice of such lien.   *   *   *.  No notice of a perfected lein shall be effectual unless it be filed within three months after the entire performance of the labor or the entire furnishing of the materials." If Masland was a creditor without notice, no notice of lien having been filed for more than three months after the materials were furnished, no lien was acquired as against him, and his mortgage was properly given precedence, notwithstanding the provision of the statute that such lien when acquired shall be prior in dignity to all others. But Masland knew when he made his loan and took the mortgage to secure same that the hotel building was being erected on the land mortgaged; that the Bond Lumber Company had furnished lumber for the same, and that yet further indebtedness would have to be incurred in completing the building. This was sufficient notice to him of the lien of the material man. Boisot on Mech. Liens,-Sec. 314, p. 308; 2 Jones on Liens, Sec. 1469; Phillips on Mech. Liens, Sec. 227; Cheshire Provident Institution v. Stone, 52 N. H. 365; Warden v. Sabins, 36 Kan. 165; 12 Pac. Rep. 520; Austin v. Wohler, 5 Ill. App. 300; Hahn's Appeal, 39 Pa. St. 409; Chadbourn v. Williams, 71 N. C. 444; Vilas v. McDonough Manuf'g. Co., 91 Wis. 607, 65 N. W. Rep. 488, S. C. 30 L. R. A. 778.

As against creditors with notice, the lien of the material man is "acquired by any person in privity with such (land) owner by the performance of the labor or the furnishing of the materials." Rev. Stats. Sec. 1742, 1.

The decree appealed from should be reversed with directions to decree that the lien of the Bond Lumber Company is superior to the Masland mortgage.

PER CURIAM.

This cause being reached in its regular order for final adjudication was heretofore referred by the court to its commissioners for investigation who reported the same recommending reversal for the reasons stated in the foregoing opinion prepared by former Commissioner Maxwell. After due consideration of the cause by Division A of the court, it being fully advised of its judgment in the premises that is in consonance with the views expressed in the said foregoing opinion, it is hereby considered, ordered and adjudged that the said foregoing opinion in said cause be, and the same is hereby adopted; and ordered to be filed as the opinion of the court in said cause, and that the decree of the Circuit Court in said cause be, and the same is hereby reversed at the cost of the appellee, with directions for such further proceedings as may be conformable to equity practice and consistent with the said opinion of this court.