The State ex rel. Terry vs. Keaough, Town Treasurer, etc.

The State ex rel. Terry, Respondent, vs. Keaough, Town Treasurer, etc., Appellant.

*January 12 — February 1, 1887.*

*Excise laws: Licenses to sell intoxicating liquors: Towns and villages: Census.*

1. For the purpose of ascertaining the amount to be paid for licenses to sell intoxicating liquors in towns, under sec. 1, ch. 296, Laws of 1885, the question whether there is a city or village containing more than 500 inhabitants within the boundaries of any town can be determined only in the way prescribed by that act, viz., "by the last preceding enumeration by the state or general government."

2. Ch. 58, Laws of 1885, was repealed by ch. 161, Laws of 1885. As the latter act does not provide for an enumeration of the inhabitants of an unincorporated village separate from the town in which it is situated, an omission to make such separate enumeration does not render the taking of the census improper or insufficient within the meaning of sec. 11 of the act, and such omission cannot be supplied under that section.

APPEAL from the Circuit Court for *Douglas* County.

The following statement of the case was prepared by Mr. Justice Taylor as a part of the opinion:

Upon the affidavit of the relator, *Joseph Terry,* the circuit court of Douglas county issued an alternative writ of *mandamus* directed to the appellant, treasurer of said town

of Superior, of which the following is a copy, omitting the title of the action:

" On reading and filing the affidavit of *Joseph Terry*, the relator above named, dated the 11th day of June, 1886, and on motion of Stephen Bacon, of counsel for the relator, it is ordered that an alternative writ of *mandamus* issue out of and under the seal of this court, directed to the said *John Keaough*, commanding him forthwith to take one hundred dollars as the fee or sum to be paid for the keeping of a saloon at 251 West Second street, Superior, in the town of Superior, in said county, for the sale, in quantities less than one gallon, of strong, spirituous, malt, ardent, or intoxicating liquors, to be drank on the premises, for the license year ending the first Tuesday in May, 1887, and to make, execute, and deliver to *Joseph Terry* the requisite receipt therefor, to exhibit to the town clerk of the town of Superior, said county, as one of the conditions precedent to procuring the issuance of his license by said clerk for such sale, pursuant to the order heretofore made by the town board of said town granting him such license, or that the said *John Keaough* show cause to the contrary before the court on the 6th day of July, 1886, at 10 o'clock A. M., at the term of said court to be held at the court house in Superior, in said town, on the 6th day of July, 1886.

" Dated the 28th day of June, 1886.

" S. H. CLOUGH, Circuit Judge."

The affidavit upon which the writ was issued, showed that the relator had made application in due form to the board of supervisors of the town of Superior for a license to keep a saloon and sell strong and other liquors in quantities less than one gallon, to be drank on the premises; that the board granted his application; that he filed the bond required by sec. 1549, R. S. 1878, which was duly approved by said board as required by law. The form of the application and of the bond, and the approval thereof by the town board,

are all set out in the affidavit, as well as the order of said board granting his application for a license.   The following is a copy of the order of the town board granting the license:

"*County of Douglas, Town of Superior* — *ss.:* Whereas, *Joseph Terry*, of said town, has applied to the undersigned, town board of the town of Superior, for a license to keep a saloon on the following described premises within said town, viz., 251 West 2d street, Superior, for the sale, in quantities less than one gallon, of strong, spirituous, malt, ardent, or intoxicating liquors to be drank on the premises, it is therefore ordered that to said applicant the license applied for by him be granted, upon his duly executing and filing the bond required by law, and by paying such license fee as is required by law therefor for such sale in said town; and that the town clerk attest and deliver such license to said applicant therefor, upon his producing to said clerk a receipt showing the payment to the town treasurer the sum hereby required of him, and upon his filing with said clerk the bond aforesaid.

"Given under our hands this 10th day of June, A. D. 1886.

"R. B. McLEAN, Chr.,

"GEO. LARSON,

"GEO. ANDERSON,

"Town Board."

The affidavit of the relator further alleges that the said town of Superior has no village, incorporated or unincorporated, or city, with 500 inhabitants or more within its boundaries, as ascertained by the last preceding census, state or national, and that no special election had been held by the electors thereof for the purpose of determining the amount to be paid for license to sell intoxicating liquors in quantities less than one gallon, to be drank on the premises, as provided by sec. 3, ch. 296, Laws of 1885; that on

the 10th day of June, 1886, he exhibited a certified copy of said order of the board of supervisors to the town treasurer of said town, tendered to the said treasurer $100,— that sum being the amount required by law to be paid for such license in said town,— for the purpose of getting the treasurer's receipt to exhibit to the town clerk of said town showing that he had paid the amount required by law for a license to sell such liquors in said town; that said treasurer refused to take said $100, and refused to make and deliver to the relator a receipt therefor, at the same time asserting that the sum to be paid for such license was $200.

On the return of the alternative writ the town treasurer appeared, and made answer to the writ admitting all the material facts set out in the affidavit of the relator, and that the relator had in all things taken the necessary and lawful steps to obtain such license to sell liquors in said town, except that he had not tendered a sufficient sum of money to entitle him to the same. The defendant admitted that he had refused to receive or accept the $100 tendered, and that he refused to give him a receipt therefor. The answer then alleged that there is an unincorporated village of over 500 inhabitants within the boundaries of said town, viz., West Superior, Connors Point, Superior City, and Middletown, so called, altogether an unincorporated city or village of over 1,500 inhabitants, and that by reason thereof the license fee is, by ch. 296, Laws of 1885, fixed at $200.

The answer further admitted "that the records do not show that the census of said unincorporated village, Superior, was made or taken separately from the census of said town in the year 1885, as required by ch. 58, Laws of 1885, as it was the duty of the census enumerator of said town to have done, and that no separate enumeration of the inhabitants of said unincorporated village was made in 1885 or in 1880, either in the state or national enumeration.

The answer of the defendant further offered to show by parol evidence that said town of Superior contains within its boundaries an unincorporated village of over 500 inhabitants; or, if the court should deem parol evidence of the number of said inhabitants in said unincorporated village incompetent, then the defendant prayed that a stay of proceedings be granted in the action until an application could be made to the secretary of state for an order compelling the separate enumeration of the inhabitants of said village of Superior, and until such enumeration should be made under and by virtue of sec. 11, ch. 161, Laws of 1885.

To the answer of the defendant to the alternative writ the relator demurred on the ground that it did not state facts sufficient to constitute a defense to the writ. The circuit court sustained the demurrer, and ordered and adjudged that a peremptory writ be issued commanding the treasurer to accept the said $100 from the relator, and give him the proper receipt therefor, as prayed for by the relator. No costs were awarded to the relator by the circuit court. From this final order of the circuit court the defendant appealed to this court.

The cause was submitted for the appellant on the brief of *D. E. Roberts*, and for the respondent on that of *Stephen Bacon*.

After citing cases to show that the statute should be liberally construed, counsel for the appellant contended that although the statute fixed one method for ascertaining the number of inhabitants in a village, the town board might still resort to other means of information, and fix the amount to be paid for licenses accordingly, as it has done in this case.

TAYLOR, J. The statute provides "that the sum to be paid for such license for the sale of such liquors to be drank on the premises shall (subject to the right to increase the

same as in this chapter provided) be, in towns having within their boundaries no city or village, incorporated or unincorporated, with a population of five hundred or more, one hundred dollars. . . . The application for any such license shall be in writing, and shall state the kind of license applied for, and a designation of the premises where such liquors shall be sold. . . . Such license shall be attested by the town, city, or village clerk, and shall not be delivered until the applicant shall produce and file with the clerk a receipt showing the payment of the sum required therefor to the proper town, village, or city treasurer, and until the filing with such clerk of the bond provided for in section 1549 of the Revised Statutes. It is hereby made the duty of all town boards, village boards, and common councils to meet and be in session on the third Tuesday in April each year, and from day to day thereafter, so long as it may be necessary for the purpose of acting upon such applications as may be presented to them conformable to the provisions of this chapter. The population of any city or village shall be ascertained by the last preceding enumeration of the state or general government." See sec. 1, ch. 296, Laws of 1885. The qualification contained in the parenthesis above has reference to the provisions of sec. 3 of the same chapter, which provides for submitting the question of the amount to be demanded for such license to a vote of the people of a town, city, or village.

The affidavit of the relator, and the return of the appellant to the alternative writ, show that the relator had made his application in writing; that he had given the bond, which had been duly approved and filed as required by law; that the town board had passed upon his application and ordered a license to issue to him " by his paying such license fee as is required by law therefor; and that the town clerk attest and deliver such license to the applicant upon his producing to said clerk a receipt showing the payment to the

town treasurer the sum hereby required of him." It is also admitted that the relator tendered $100 to the town treasurer as the license fee required of him by law to entitle him to demand the attested license of the town clerk.

It will be seen that the board did not fix any sum to be paid by the relator in order to entitle him to the license granted, except that it should be such sum "as is required by law therefor." The statute has fixed the sum to be paid in each case, when no vote has been taken on the subject under the provisions of sec. 3 of said ch. 296, Laws of 1885. The relator claims that the sum fixed by the law in his case is $100, and no more. On the part of the appellant it is claimed that the sum fixed by the law was $200 in his case, and so the treasurer was right in his refusal to give a receipt for $100, as demanded by the relator. The whole controversy depends upon the question whether the fact that there is a city or village, incorporated or unincorporated, containing more than 500 inhabitants within the boundaries of any town, can be ascertained, for the purpose of fixing the amount of the license fee under the statute, in any other way than that prescribed in the act, viz., "by the last preceding enumeration by the state or general government." If that fact can only be ascertained in the way prescribed by the statute, then it does not appear that there is any city or village, incorporated or unincorporated, in said town of Superior, containing over 500 inhabitants, and the relator was entitled to his license on the payment of said $100, and it was the duty of the treasurer to receive the same and give him the proper receipt therefor.

If that fact can be ascertained by parol proof, for the purpose of determining the amount of the license fee, then the answer of the appellant to the writ was sufficient, and the demurrer to the same was improperly overruled, because the answer alleges that there was an unincorporated village in said town containing more than 500 inhabitants,

and he offered to make proof of that fact by parol evidence; and, if that was deemed an improper way of ascertaining that fact, then by having an enumeration taken under the authority of the state, as prescribed by sec. 11, ch. 161, Laws of 1885.

We have no doubt that the learned circuit judge was right in holding that the fact of the existence of an unincorporated village of more than 500 inhabitants in said town could not be shown by parol evidence. It is evident that the legislature intended to fix the amount to be paid for license to sell spirituous and other liquors with certainty in all cases, and leave nothing uncertain as to that question. When, therefore, they made the amount in certain towns having cities or villages, incorporated or unincorporated, within their boundaries, containing more than 500 inhabitants, dependent upon that fact, they further provided a fixed method of ascertaining such fact, and, having fixed such method of ascertaining it, it necessarily excludes all other methods. The old legal maxim, "*expressio unius, exclusio alterius*," applies with full force in a case of this kind.

Had the last clause in said sec. 1, ch. 296, Laws of 1885, which reads, "The population of any city or village shall be ascertained by the last preceding enumeration by the state or general government," read that, for the purpose of determining the amount to be paid for a license in towns containing cities or villages, the fact whether such city or village contains more than 500 inhabitants shall be ascertained by the last preceding state or national enumeration, there could be no question that such method of ascertaining the fact would be exclusive of all other methods. We think the statute, fairly construed, means just that. It says the population *shall* be ascertained,— not *may* be ascertained. It was clearly intended to be exclusive. Suppose an enumeration of the supposed village had been taken separately in 1885 by an authorized officer under the law, and he had

## JANUARY TERM, 1887. 143

The State ex rel. Terry vs. Keaough, Town Treasurer, etc.

reported that the village did not contain 500 inhabitants, would it be insisted that for the purpose of increasing the license fee it might be shown that the enumerator had made a mistake? Or after the lapse of a few years, and before another enumeration was made, either by the state or national government, could it be shown, for the purpose of increasing the license fee, that the number of inhabitants had increased to over 500? We are clearly of the opinion that it could not. The certainty as to the amount as fixed by the legislature would be effectually destroyed by any such methods. To avoid all difficulty on the subject the legislature has expressly declared how the fact shall be ascertained, and it can be ascertained in no other way.

But it is further urged by the learned counsel for the appellant that a stay of proceedings should have been granted, so that an enumeration might have been taken under the provisions of sec. 11, ch. 161, Laws of 1885. Admitting that it would be competent for the secretary of state to order the enumeration of a city or village that had been omitted by the enumerating officer charged with that duty at the time of taking the census in 1885, for the purpose of determining the amount of the license fee in any particular town, and that it would be competent for the court, in a case of this kind, to stay proceedings until it could be done, still the difficulty in this case could not be obviated in that way. Ch. 161, Laws of 1885, does not provide for taking an enumeration of inhabitants in an unincorporated village separate from the inhabitants of the town in which it is situated, and such a case is not, therefore, within the provisions of sec. 11 of said chapter. It is very clear that said section only relates to cases in which a duty to make an enumeration has been omitted by the person charged with the duty; and, if there be no person charged by law with the duty of taking an enumeration of the inhabitants of an unincorporated village separately from the town, there has

been no omission or neglect of duty, and the secretary of state has no power to order such enumeration under said sec. 11.

It is said that ch. 58 of the Laws of 1885 charges that duty upon the town clerk, and having omitted the duty, the secretary of state could now direct him to perform it under the power given him by said sec. 11, ch. 161. The trouble with this proposition is that ch. 58, Laws of 1885, is repealed by sec. 5 of said ch. 161, Laws of 1885. Ch. 58 became a law March 17, 1885, and ch. 161, April 6, 1885. At the time ch. 161 went into effect, sec. 997 of the Revised Statutes had been amended so that the proviso contained in ch. 58 was a part of it. Sec. 5 of ch. 161 amends said sec. 997, as it then was, so as to read as written in said sec. 5, ch. 161, and that section omits the proviso added to it by ch. 58; so that, according to the rule adopted by this court in the construction of statutes, the proviso is repealed. See *State v. Ingersoll,* 17 Wis. 631; *Goodno v. Oshkosh,* 31 Wis. 127; *Sydnor v. Palmer,* 32 Wis. 406. There is nothing, therefore, in ch. 161, Laws of 1885, which makes it the duty of the town clerk to make a separate enumeration of the inhabitants in an unincorporated village in such town.

The legislature in enacting at the same session several acts upon the same subject matter, without paying proper attention to the effect which one act might have on another, the result is that no provision of law is made for carrying out the license act in respect to towns having unincorporated villages within their boundaries. Had it not been for the repeal of ch. 58, Laws of 1885, the law could have been carried out according to the legislative intent. Had ch. 58, Laws of 1885, been in force, the town clerk of Superior would undoubtedly have taken an enumeration of the inhabitants in the unincorporated village of Superior, if there be such village in said town; and had he neglected to do so, on proper application the secretary of state

would have ordered it done. If we may indulge in the belief that the legislature supposed ch. 58, Laws of 1885, was in force when ch. 296 of the same year was enacted, it greatly strengthens the construction that it was intended by the legislature that the number of inhabitants in all such unincorporated villages, as well as in incorporated cities and villages, should be ascertained only by an enumeration made by the state or general government.

*By the Court.*— The order and judgment of the circuit court is affirmed.