GERAGHTY, Appellant, vs. ASHLAND COUNTY, Respondent.

*November 23 — December 15, 1891.*

*Common schools: Salary of county superintendents: Number of inhabitants in district, how ascertained.*

Sec. 703, R. S., provides that each county having over 15,000 inhabitants "according to the census last preceding," may be divided into two superintendent districts. Sec. 704 provides that the compensation of superintendent shall be fixed within certain limits in districts containing more than 5,000 and less than 10,000 inhabitants, and within certain other limits in districts containing more than 10,000 inhabitants, excluding certain cities "mentioned in the next preceding section." *Held,* that the two sections should be construed together, and that under sec. 704 the number of inhabitants is to be determined by the census last preceding.

APPEAL from the Circuit Court for *Ashland* County. It appears from the record, and is undisputed, that the plaintiff was elected in November, 1886, as superintendent

of schools in the defendant county; that he duly qualified
and served as such from January 3, 1887, to January 7,
1889; that he received on salary for the year 1887, $522.91,
and for the year 1888, $407.19, making in all $930.10. Un-
der sec. 704, R. S., the plaintiff claims a salary of $1,500 per
year, or at least $800 a year; and filed his bill with the
county board for $3,000, less the payments mentioned, to
wit, for $2,069.90, or at least for $669.90. The board wholly
disallowed the same, and the plaintiff appealed therefrom
to the circuit court.  Upon the trial the defendant con-
ceded that the plaintiff was entitled to $500 per year, and
that there was a balance his due of $69.90.  At the close of
the trial the plaintiff moved the court to direct a verdict in
his favor for $669.90, which was denied by the court, and
thereupon the court directed a verdict in favor of the plaint-
iff for $69.90, on motion of the defendant. From the judg-
ment entered thereon accordingly the plaintiff appeals.

For the appellant there was a brief signed by *John F.
Dufur*, and a supplemental brief signed also by *Rublee A.
Cole*, of counsel; and the cause was argued orally by *Mr.
Dufur*.  They contended, *inter alia*, that the history of the
law shows that under sec. 704, R. S., the population of a dis-
trict is not to be determined by the preceding census. Sec. 95,
ch. 155, Laws of 1883, and sec. 13, ch. 111, Laws of 1867,
each contained the words "according to the last preceding
census;" but the amendment of 1869 (sec. 1, ch. 177) omit-
ted those words and provided for "*estimating* the popula-
tion."  Sec. 704 is substantially the same.  The word "es-
timating" clearly shows the intention of the legislature
to allow a salary according to the number of inhabitants as
*estimated*, not as exactly counted by the preceding census.
Sec. 1, ch. 177, Laws of 1869, provides that sec. 95, ch. 155,
Laws of 1863, "is hereby amended so as to read as fol-
lows." Those parts of the previous act which were omitted
were thereby repealed. *State v. Ingersoll*, 17 Wis. 631;

*Goodno v. Oshkosh,* 31 id. 127; *Sydnor v. Palmer,* 32 id. 406.

For the respondent the cause was submitted on the brief of *Richard Sleight,* District Attorney.

CASSODAY, J.   Within certain limits, the county board were at liberty to fix the plaintiff's compensation, as county superintendent of schools, at an annual salary or a *per diem.*   Sec. 704, R. S.   They did neither.   That section, in effect, declares that "they may fix such annual salary . . . at not less than five hundred nor more than eight hundred dollars *in districts* containing more than five thousand and less than ten thousand inhabitants; and not less than eight hundred nor more than fifteen hundred *in districts* containing more than ten thousand inhabitants; and in estimating such population the cities mentioned in the *next preceding section* shall be excluded."   It appeared upon the trial that such population in the county, according to the census of 1885, was only 6,941.   The plaintiff offered parol testimony tending to prove that at the time he was elected, and ever since, such population had exceeded 10,000, but the same was rejected by the trial court on the ground that such population, as ascertained by the last preceding census, was conclusive upon the parties.

Such ruling seems to be in accordance with the spirit and intention of the section cited.   As indicated, that section expressly refers to "the next preceding section," which authorizes the county board to divide such counties as have "over fifteen thousand inhabitants according to the census last-preceding, into two superintendent *districts;* " and, "unless so divided, each county shall constitute a superintendent *district.*"   Sec. 703, R. S.   There is no reason for determining the number of inhabitants according to the last census for the purpose of such division, that is not equally potent in determining the number of inhabitants in such

Geraghty vs. Ashland County.

districts, respectively, for the purpose of fixing the compensation of the superintendent therein.   On the contrary, it is very obvious that since the compensation of the superintendent in each district is, to a certain extent, dependent upon the number of inhabitants in such district, such number should be ascertained by the same standard that governs in fixing the number of the districts.   Otherwise there would be a want of harmony in the system.   The two sections relate to the same subject, and must be construed together.   So construed, the words, " according to the census last preceding," found in the one, may fairly be implied in the other.   This construction is in harmony with the view taken by this court of a similar statute in *State ex rel. Terry v. Keaough,* 68 Wis. 142.

*By the Court.*— The judgment of the circuit court is affirmed.