BENTLEY and others, Respondents, vs. ADAMS and others, Appellants.

*February 1 — February 18, 1896.*

*Liens: Architects: Time for filing: Amendment and repeal of statutes:* " *When the relation of landlord and tenant exists.*"

1. Where architects are employed to supervise the construction of a building for a certain percentage of its cost, and the building contract provides that final settlement with the contractor shall be made upon their certificate showing completion of the building according to the plans and specifications, the time limited for the filing of a claim for a lien for their services does not begin to run until their work is completed by the giving of such final certificate.

2. Ch. 349, Laws of 1885, amended sec. 3314, R. S., by adding a provision that the lien for labor or materials given by that section should attach to the real property of any person upon whose premises the improvements were made, if such owner had knowledge thereof and consented thereto. Ch. 466, Laws of 1887, provided that said ch. 349 should not be construed as giving a lien where the relation of landlord and tenant exists. *Held*, that said ch. 466 was an independent act, and did not become a part of sec. 3314 so as to be repealed by the omission of its provisions from subsequent revisions of that section, where the only purpose of such revisions was to extend the privileges of the lien law to other specified persons and to make it cover other specified improvements.

3. Where a lease provides that the lessee shall erect a building upon the premises which shall be the property of the lessor, the relation between the parties is not merely that of landlord and tenant, within the meaning of ch. 466, Laws of 1887 (providing that a certain part of the lien law shall not be construed as giving a lien where the relation of landlord and tenant exists), but the case is within the provision that the lien " shall attach to . . . the real property of any person on whose premises such improvements are made, such owner having knowledge thereof and consenting thereto."

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

On the 1st day of September, 1890, *John Quincy Adams*

and others, appellants, were the owners in fee, though in trust, of lots 11 and 12, block 17, in the Third ward of the city of Milwaukee, and as such owners, being duly authorized thereto, they entered into a contract with Frederick W. Montgomery, by the terms of which they demised said premises to him for the term of ninety-nine years. By the terms of the contract Montgomery stipulated and agreed to erect on the premises, according to plans and specifications of *Andrews, Jacques & Rantoul,* architects, a building to cost not less than $115,000, completed and ready for occupancy by July 1, 1892, free from all liens; the building to be the property of the appellants. Montgomery further stipulated to pay an annual sum, mentioned, as rent for the use of the premises and improvements. The parties were mentioned in the contract as lessors and lessee. It contained appropriate stipulations and agreements to bind Montgomery to pay and discharge all claims and liens for the construction of the building, and to protect the appellants and save them harmless from the same. It was further stipulated in the contract that Montgomery, after the construction of the building, should have the right to sublet the same.

Pursuant to the obligations of the contract, on the 30th day of December, 1891, Montgomery contracted with *Thomas R. Bentley,* one of the plaintiffs, for the construction of the building mentioned, according to plans and specifications made by *Andrews, Jacques & Rantoul;* and it was specially provided in such building contract that all payments to the contractor should be made on certified statements of the architects, and that final settlement should be made on the certificate showing completion of the building in all respects according to the plans and specifications. The architects were employed to supervise the construction of the building as contemplated by the *Bentley* contract, and it was agreed that their compensation should be five per cent. of the cost of such building.

Montgomery failed to pay in full the contractor, *Bentley*, ·or said architects, and failed to pay several other persons who performed work, labor, and services and furnished material in the construction of the building. .On the 4th day of May, 1893, Montgomery assigned all his interest in the premises to the defendant American Realty Company, and thereafter said realty company, with Montgomery, incurred some indebtedness, which was not paid, in the completion of the building; and thereafter, on the ·23d day of November, said realty company, on notice, and because of failure to pay rent accrued, surrendered the property to appellants, and the Montgomery lease or contract was canceled. About the same time appellants gave to Montgomery an option to acquire the property by purchase.

At the time of the surrender to appellants, as above set forth, the several lien claimants, whose claims were adjudged in this action, existed, and the lien petitions were then substantially all on file. Those not then filed were soon afterwards. Two actions were brought to foreclose the liens, and such proceedings were had that all the lien claimants united in this action, and their rights were adjudicated by the court and the decree entered herein.

The court found, among other things, that the architects were entitled to a lien from the time they commenced work on the plans, which was some time before the commencement of the building; also found that the time for filing their lien did not expire till their work was completed by the giving of the final certificate as provided in the building contract; also found that all of the lien claimants were entitled to liens upon the interest of the appellants, the owners of the fee, as well as upon the interest of the said Montgomery and the said American Realty Company. To each of the findings specially mentioned exceptions were filed. Judgment was rendered in accordance with such findings, from which judgment this appeal was taken.

For the appellants there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *F. C. Winkler.*

*J. A. Eggen,* for the respondent *Bentley,* to the point that the lessor's interest is subject to liens for improvements directed or authorized in the lease, cited *Parker v. Hall,* 14. Phila. 619; Lloyd, Buildings (2d ed.), § 247; *Schmalz v. Mead,* 125 N. Y. 188; *Burkitt v. Harper,* 79 id. 273; *Otis v. Dodd,* 24 Hun, 538; *S. C.* 90 N. Y. 336; *Mosher v. Lewis,* 31 N. Y. Supp. 433; *Kremer v. Walton,* 11 Wash. 120; *Heath v. Solles,* 73 Wis. 217; *Edwards & McCulloch L. Co. v. Mosher,* 88 id. 672.

For the respondents *Werner* and *Cordes & Treis* there was a brief by *A. J. Eimermann.*

For the respondents *Harper & Sons* there was a brief by *Nath. Pereles & Sons,* attorneys, and *E. F. J. Goldsmith,* of counsel.

For the respondents *Andrews* and others there was a brief by *Miller, Noyes, Miller & Wahl,* and oral argument by *Geo. H. Noyes.*

MARSHALL, J.   It is insisted on the part of the appellants that the claim of the architects was not filed in time, and this turns upon when their work was completed.   According to the evidence, the last actual service which they rendered was when they visited the premises the first week in June, 1893.   At that time the building was not completed to their satisfaction.   They pointed out various defects which they required the contractor to remedy as a condition precedent to their giving him a final certificate as provided in the contract.   The compensation of the architects was fixed at five per cent. of the total cost of the building, and the last act required of them was to give a final certificate of satisfactory construction in compliance with the contract.   If the time for the filing of their petition commenced to run from the time they last performed actual

services in the first week of June, 1893, then such petition was not filed in time. If it did not commence to run till the completion of their contract by final inspection and the giving of the final certificate, then their petition was filed in time. Their contract was entire. They were not entitled to recover their percentage on the cost of the building, except upon a full compliance with its requirements by final inspection and the giving of the final certificate of satisfactory construction. Therefore, their services continued till the performance of the final act required of them, unless sooner discharged. It follows, therefore, that their lien petition was filed in time.

The trial court, under sec. 3314, R. S., which provides that the lien shall attach to and be a lien on the real property of any person on whose premises the improvements are made, such owner having knowledge thereof and consenting thereto, adjudged all the claims to be liens upon the right, title, and interest of the appellants in the real estate. They had the fee title at the time of the commencement of the building, and the court held that the liens attached to such title. This is claimed to be error, upon the ground that under sec. 3314, R. S., and ch. 466, Laws of 1887, the right to a lien on the interest of appellants does not exist, because of the fact, as they allege, that the relation of landlord and tenant existed between them and Montgomery and, later, between them and the American Realty Company, who incurred the indebtedness. Ch. 466 provides as follows: " Section 1 of chapter 349 of the Laws of 1885 and the acts of 1887 amendatory thereof, shall not be construed as giving a lien where the relation of landlord and tenant exists." On the part of respondents, it is claimed that the law of 1887 was repealed by subsequent revisions of sec. 3314, R. S., to wit, by the revisions contained in ch. 442, Laws of 1887, and ch. 275, Laws of 1889,— this upon the ground that ch. 466 became a part of sec. 3314, and that

when the section was subsequently revised, and the provisions of ch. 466 were omitted, that operated to repeal it.

The law is well settled that all provisions of a former section not found in a revised section are repealed. *State v. Ingersoll*, 17 Wis. 631; *Goodno v. Oshkosh*, 31 Wis. 127; *State ex rel. Terry v. Keaough*, 68 Wis. 135, and other cases cited by counsel. In all these cases the part held to have been repealed formed a part of the section in its original state. The question is clearly presented in *State ex rel. Terry v. Keaough*. By ch. 58, Laws of 1885, a clause was added to sec. 997, R. S., by the following language: "Section 997 of the Revised Statutes is hereby amended by adding to the end thereof the following." This section being afterwards revised, and the part added by the law of 1885 omitted, it was held that the part omitted was repealed. The difficulty of applying the rule above stated is that ch. 466, Laws of 1887, is an independent act. It did not add anything to, or take anything from, sec. 3314, but provided that the language used therein should not be construed to give a lien where the relation of landlord and tenant exists. The subsequent revision of the section did not change the language to which ch. 466 referred, and there is nothing to show any legislative intent to repeal such chapter. It by no means necessarily follows that the revision of a section, or the enactment of a new one covering the subject matter and embracing new provisions, works a repeal by implication of an existing independent act. Whether such revision or new act has that effect depends upon the legislative intent. If it is clear that the purpose of the new act is merely to continue the former, and to have it embrace additional provisions, that will be the effect given to it. *Gilkey v. Cook*, 60 Wis. 133. By reference to ch. 442, Laws of 1887, we find that the revision of sec. 3314 then made was merely to extend the privileges of the lien law to architects and surveyors; and by reference to ch. 275, Laws of 1889, it will be seen

that the only purpose of that revision was to extend the privileges of the lien law so as to cover building as well as repairing fences, and to cover "the making or repairing of any walk or curbing upon land, irrespective of any easement on or over the land." The sole purpose of the two revisions was to make the changes indicated, and to continue the law as before, with such changes, and not to repeal or change any other act on the subject. Hence, the conclusion is reached that ch. 466, Laws of 1887, is still in force.

It follows from the foregoing that it is essential to determine the scope of ch. 466. The "relation of landlord and tenant" mentioned in the section obviously means such relation as commonly known and legally recognized. It was not intended to include all cases where the parties may see fit to contract, designating themselves as "lessor" and "lessee." The "relation of landlord and tenant," strictly so called, and in the sense in which the term is used in the statute under consideration, is merely the relation which exists between two parties for the possession of lands or tenements by one in consideration of a certain rent to be paid therefor to the other. Taylor, Landl. & T. § 14; 1 Bouv. Law Dict. 4. It follows from the foregoing that, notwithstanding the contract between appellants and Montgomery is called by the parties a "lease," and they are designated therein, respectively, as "lessors" and "lessee," the relation existing between them was something more than is contemplated by the term "relation of landlord and tenant." It contemplated the construction of a building by the so-called lessee on the land of the so-called lessors, for their benefit. They were to become owners of the property. If an owner can free himself from the operation of the lien law by merely making a contract having some of the elements of a "lease," strictly so called, designating the owner of the land as "lessor" and the contractor who is to build the building as "lessee," a

Backhaus vs. Chicago & Northwestern R. Co.

.very convenient method would exist by means of which such law can effectually be nullified. Ch. 466, Laws of 1887, was not intended to apply to a case where a person contracts with another to build a building for such person on his land, though coupled with an agreement that such other shall occupy the premises as tenant of such person. Where persons bear such relation to each other, they are clearly within the meaning of the statute which gives a lien "upon the real estate of any person upon whose premises the improvements are made, such owner having knowledge thereof and consenting thereto." *Edwards & M. L. Co. v. Mosher*, 88 Wis. 672.

It follows from the foregoing that the part of the judgment of the superior court appealed from must be affirmed.

*By the Court.*— The part of the judgment of the superior court appealed from is affirmed.