FORSTER LUMBER COMPANY vs. ATKINSON, Appellant, and others, imp., Respondents.

*November 28 — December 15, 1896.*

*Liens: Building contract: Conditions precedent: Performance: Payment of subcontractors: Certificate of superintendent.*

1. A contract by which several contractors " jointly and severally " agree to build, finish, and complete a house for a certain sum, the amount to be paid to each for his particular work being specified, and which provided that a certain percentage of the value of the work and materials should be paid in monthly instalments as the work progressed, and that the balance remaining due should be paid in full " upon completion and acceptance of the work, and *upon its being satisfactorily shown that all claims* " which might become liens thereon *had been paid,* is a joint and several contract, and the payment of all subcontractors' liens in excess of the agreed price is a condition precedent to the enforcement of a lien in favor of any of the principal contractors.

2. Where such a contract provided that the workmanship and materials on the part of each of the principal contractors should be " to the full and complete satisfaction " of the superintendent, and that a certificate from him should be a condition precedent to the right of any contractor to any payment under the contract, no claim for lien in favor of the principal contractors could properly be allowed, in the absence of anything to show performance of such conditions or excuse for their nonperformance.

APPEAL from a judgment of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Reversed.*

The facts of the case are stated in the opinion.

For the appellant there was a brief by *Ogden, Hunter & Bottum,* and oral argument by *L. M. Ogden.*

For the respondents there were briefs by *Fiebing & Killilea,* and oral argument by *O. J. Fiebing.* To the point that the contract was several and not joint and several, they cited *Dwelley v. Dwelley,* 143 Mass. 509; *Frost v. Williams,* 2 S. Dak. 457; *Morrow v. Lander,* 77 Wis. 77; 1 Addison, Cont. 77, 79; Pollock, Cont. 453; *Wilson v. Wilson,* 5 H. L.

Cas. 40, 66; *In re De La Touche's Settlement*, L. R. 10 Eq. 599, 603; *Willan v. Willan*, 16 Ves. 72, 84; *S. C.* 2 Dow, 275; *Stanley v. C., C. & C. R. Co.* 18 Ohio St. 552; *Fullmer v. Poust*, 155 Pa. St. 275, 35 Am. St. Rep. 881; 1 Parsons, Cont. 13; *Mathews v. Phelps*, 61 Mich. 327, 1 Am. St. Rep. 581; *Davis & R. B. & M. Co. v. Barber*, 51 Fed. Rep. 148; *Davis v. Belford*, 70 Mich. 120; *Gibbons v. Grinsel*, 79 Wis. 365; *Landwerlen v. Wheeler*, 106 Ind. 523; *Davis & R. B. & M. Co. v. Murray*, 102 Mich. 217; *Davis & R. B. & M. Co. v. Cupp*, 89 Wis. 678.

CASSODAY, C. J.    At the times herein mentioned the defendant *Mrs. Frances A. Atkinson* was the owner and in possession of the lands described.    December 1, 1892, *Anton Mauk*, G. W. Canner & Co., Cook & Hyde, the Winkle Terra Cotta Company, Richard Riesen, Jr., *Charles* and *Arthur Polacheck*, and James Toombs, as parties of the first part, entered into a written agreement with *Mrs. Atkinson*, as party of the second part, wherein and whereby "the said party of the first part, *jointly and severally*, their heirs, executors, administrators, and assigns," for and in consideration of the payments to be made by the party of the second part, as therein specified, did in effect contract and agree to build, furnish, and complete, in a careful, skilful, and workmanlike manner, to the full and complete satisfaction of W. A. Holbrook, superintendent, and by and at the times mentioned in the specifications therein referred to, the full and entire masonry, painting and glazing, cut stone, terra cotta, carpenter work, plumbing and gas fitting, tin work, heating and ventilating without furnaces, furnishing all materials required for the erection of an apartment building on La Fayette Place, city, for party of the second part as aforesaid, so as to fully carry out the design of said work as is set forth in said specifications and the plans and drawings therein especially referred to, such

specifications, plans, and drawings being thereby declared part and parcel of the contract. The party of the second part, her heirs, executors, administrators, and assigns, for and in consideration of such agreements, did thereby agree to pay the said party of the second (first) part thereon the sum of $9,528.76, as follows, viz.: To *A. Mauk*, masonry and materials, $2,969; to G. W. Canner & Co., painting and glazing, $557; to Cook & Hyde, cut stone, $180; to Winkle Terra Cotta Company, terra cotta, $36; to Richard Riesen, Jr., carpenter work, $4,130.76; to *Charles Polacheck* and brother, $1,521; to James Toombs, heating and ventilating stacks and registers, $135,— total, $9,528.76; eighty-five per cent. of the *pro rata* value of work and materials furnished, set in place in the building, to be paid on or about the 1st day of each month during progress of the job; the balance remaining due to be paid in full upon completion and acceptance of the work, and upon its being satisfactorily shown that all claims that might become liens upon the premises have been paid; and each party of the first part to draw their money separately, as matter of convenience and equity: Provided, that "the said superintendent shall certify in writing that said member is entitled thereto." Upon the completion of the building as alleged, the plaintiff commenced this action, June 21, 1893, to enforce a subcontractor's lien, under the said Richard Riesen, Jr., for the payment of $1,303.96 for materials sold, furnished, and delivered to him to be used in and upon the building as such contractor.

The complaint is in the usual form, alleging the requisite notice, petition, etc., and also that claims had been filed by other subcontractors and contractors, who were defendants herein, in the aggregate amount of $1,601.54. *Mrs. Atkinson* interposed an answer, admitting such of the allegations of the complaint as entitled the plaintiff to a subcontractor's lien, providing anything might be due to it as subcontractor,

and denying any knowledge or information sufficient to form a belief as to all the other allegations contained in the complaint. The defendant *Anton Mauk* interposed a separate answer, denying any knowledge or information sufficient to form a belief as to all the allegations in plaintiff's complaint, but setting up a claim as principal contractor for a lien upon the premises of $979 for work done and materials furnished as such principal contractor. The defendants *Charles* and *Arthur Polacheck* interposed a joint answer, denying all knowledge or information sufficient to form a belief as to all the allegations in the complaint, and alleging in effect their copartnership, and claiming a lien as principal contractors for $400.88, for work done and materials furnished as such principal contractors.

Thereupon the cause was referred to a referee, who, at the close of the trial of the cause before him, and after finding the execution of the written contract mentioned, found, in effect, that the principal contractor commenced the building, and completed the same in May, 1893; that ten subcontractors (including the plaintiff) under the principal contractor, Richard Riesen, Jr., had given notices and filed and had liens upon the premises, in the aggregate amount of $2,498.63, of which sum $1,303.96 was in favor of the plaintiff, and that they were, respectively, entitled to recover the same; that the principal contractor *Anton Mauk* have and recover of *Mrs. Atkinson* the sum of $979, with interest thereon from July 28, 1893, and that the same was a lien on the said building and premises; that the principal contractors *Charles* and *Arthur Polacheck* have and recover of *Mrs. Atkinson* the sum of $400.88, with interest from May 29, 1893, and that the same was a lien on said building and premises; that the respective parties having such liens were severally entitled to judgment in their favor herein. Thereupon the report of the referee was confirmed by the court, and judgment ordered to be entered thereon accord-

ingly. From such part of the judgment entered thereon accordingly as is in favor of *Anton Mauk* and *Charles* and *Arthur Polacheck*, and against *Mrs. Atkinson*, and from the whole and every part thereof, she brings this appeal.

1. As indicated, the seven principal contractors "*jointly and severally*" contracted and agreed to build, finish, and complete the building at the time and in the manner prescribed, and when so completed *Mrs. Atkinson* was to pay them therefor $9,528.76, at the times and in the manner therein agreed. Eighty-five per cent. of the *pro rata* value of the work and materials was to be paid in monthly instalments as the job progressed, and the balance remaining due to be paid in full "upon completion and acceptance of the work, *and upon its being satisfactorily shown that all claims*" which might become liens thereon *had been paid.* The total amount to be paid to Richard Riesen, Jr., under that contract, was $4,130.76; and the amount of outstanding unpaid subcontractors' liens, under Riesen, thereon, as appears from the referee's report, is $2,498.63, besides interest; and the amount of such "outstanding subcontractors' claims which have been proved, . . . *exceed* the difference between the contract price and the amount paid to the principal contractors." Such being the state of the record, it was error to allow two of the seven "joint and several" principal contractors thus in default to have judgments in their favor for liens as such principal contractors. That the seven contracted "jointly and severally" with *Mrs. Atkinson* is too plain, from the express language of the contract, to admit of argument or call for the citation of authority. The payment of such excessive outstanding subcontractors' liens was, under the contract, a condition precedent to the enforcement of a lien in favor of any such principal contractors.

2. Besides, under the contract, the workmanship and materials on the part of such several principal contractors were

to be "to the full and complete satisfaction" of the super-intendent mentioned, who was, as a condition precedent to such payment, required to "certify in writing" that such several principal contractors were respectively "entitled thereto." As the record fails to show the performance of such conditions precedent, or any excuse for their nonper-formance, it is manifest that the respective claims for liens in favor of the principal contractors *Anton Mauk* and *Charles* and *Arthur Polacheck* were improperly allowed. *Hudson v. McCartney*, 33 Wis. 331; *Stoel v. Flanders*, 68 Wis. 256; *Wendt v. Vogel*, 87 Wis. 462.

*By the Court.*— Those parts of the judgment of the supe-rior court of Milwaukee county appealed from are reversed, and the cause is remanded for further proceedings accord-ing to law.