THE J. B. ALFREE MANUFACTURING COMPANY, Respondent, vs. HENRY, imp., Appellant.

| 96 | 327 |
| 115 | ²270 |
| 59 LRA | 741 |

*May 4 — May 21, 1897.*

*Mechanics' liens: Amending claim: Landlord and tenant: Priority of liens: Privity of contract: Waiver.*

1. A claim for a mechanic's lien which referred only to the leasehold interest in the premises of the person for whom materials had been furnished cannot be amended after the expiration of the statutory time for filing liens so as to assert in addition a claim upon the distinct and separate estate of the owner of the fee.

2. A lease of land for a term of fifty years, which did not contemplate the construction of improvements on the premises but provided only for the payment of a specified yearly rental and the taxes, created the relation of landlord and tenant between the parties, within the meaning of ch. 466, Laws of 1887 (sec. 3314*a*, S. & B. Ann. Stats.), providing that the statutes relating to mechanics' liens shall not be construed as giving a lien where the relation of landlord and tenant exists; and the effect of the statute would not be overcome by the consent of the landlord to the making of improvements.

3. Where money is loaned and a mortgage executed after the commencement of the construction of a mill and the making of a contract for machinery to be placed therein, the lien of the mortgagor on the debtor's interest in the premises is subsequent to the lien for machinery. *Vilas v. McDonough Mfg. Co.* 91 Wis. 607, followed.

4. Where a manufacturer of machinery has equipped a mill for a tenant under a contract, no privity of contract exists between him and the landlord, who also holds a mortgage on the leasehold interest, such as will enable the landlord to insist that there can be no recovery on the contract for want of performance.

5. The tenant in such a case, in the absence of fraud or unlawful combination, would not be precluded from waiving strict performance of the contract and adjusting the manufacturer's claim on fair and equitable terms.

APPEAL from a judgment of the circuit court for Sheboygan county: N. S. GILSON, Circuit Judge. *Affirmed in part; reversed in part.*

This was an action to foreclose a lien of the plaintiff company, as mill builder and mill furnisher, against the defendants J. H. Reysen, Sr., and J. H. Reysen, Jr., copartners under the firm name of J. H. Reysen & Son, and *A. E. Henry*, the appellant, who was the owner in fee of the real estate affected, which consisted of a mill site on two lots in block 26, in Sheboygan Falls, Wisconsin, with the mill privileges and water power appurtenant thereto.

On the 4th of February, 1890, the defendant *Henry* leased the premises to his co-defendant J. H. Reysen, Sr., for the term of fifty years, for the annual rental of $150 per annum for the first three years, and $300 per annum for the rest of the term, and the payment of the taxes. There were no buildings or improvements on the premises at this date. J. H. Reysen, Sr., was then a member of the firm of J. H. Reysen & Son. May 9, 1891, the said firm entered into a contract with the plaintiff to manufacture and set up in the mill building then being erected on said real estate a complete flouring-mill outfit of the capacity of 100 barrels per day for the sum of $6,600, payable in instalments, and to be in operation September 1, 1891. On the 28th of May, 1891, the Reysens, needing money for the erection of mill buildings, and for the equipment thereof, entered into a contract with the defendant *Henry*, by which he agreed to furnish them the sum of $8,000, $2,000 to be advanced on that day, and of the balance $2,000 was to be furnished when the plaintiff delivered the mill machinery at Sheboygan Falls, and $2,000 from time to time when the said mill machinery was being placed

in the mill, and the balance when said Reysens should be called upon to settle with plaintiff. For the purpose of securing said sum of $8,000, the defendant J. H. Reysen, Sr., gave a mortgage to the defendant *Henry* on his leasehold interest in said premises, and thereafter, on the 21st of September, 1891, the defendant J. H. Reysen, Sr., executed a second mortgage upon the said premises for the sum of $2,000, but no part of the consideration for this mortgage was paid to said mortgagor by *Henry*. The defendants Reysen did not pay the agreed purchase price of the machinery, but were in arrears in a sum which, at the time of the judgment herein, amounted to $2,198.54. The machinery furnished by the plaintiff did not comply with the contract, in that it had a capacity only of from sixty to seventy barrels per day, but on the 3d of November, 1891, after it was in place, the defendants Reysen, knowing the fact, without the knowledge or consent of the defendant *Henry*, by a written acceptance of the machinery, waived this failure of performance on the part of the plaintiff, and the only contract or transaction within the knowledge or consent of said *Henry* was the contract for machinery with a capacity of 100 barrels per day. The plaintiff filed its claim for a lien on the 30th of March, 1892, which went upon the express contract, and alleged full performance, and was filed against and claimed a lien upon the leasehold interest of the Reysens only, and claimed a balance due of $2,600. The defendant *Henry* was not mentioned in the claim for a lien, nor was his interest in the land in any way referred to therein, but it alleged that he had, or claimed to have, some lien upon the premises and upon the machinery, which, if any, was subsequent to the lien and claim of the plaintiff. The complaint charged that the said *Henry* was the owner in fee, and that the machinery, etc., was furnished, and the work done, with his knowledge and consent. Judgment was asked in the alternative, either for a lien on the fee and leasehold interest or on the machinery, with the privilege of removing the same.

The case was referred to a referee to hear, try, and determine, who reported sustaining the plaintiff's claim for a lien, and that it was entitled to judgment in the amount of $2,140.04, besides interest, for said machinery, less certain amounts allowed to the Reysens upon their counterclaims in the action, and that the plaintiff was entitled to a foreclosure of all the right, title, and interest of the defendant *Henry* in and to the real estate, flouring mill, mill dam, and mill privileges; that his mortgage for $8,000 thereon should be made subordinate to the claim of the plaintiff, and that the mortgage for $2,000 should be canceled.

The circuit court, upon the hearing of the report, against the objections of the defendant *Henry*, gave the plaintiff leave to amend its claim for a lien by inserting therein, after a description of the premises, " that *A. E. Henry* was, and still is, the owner of the land upon which the said machinery is erected as aforesaid; that said machinery was furnished and said work was done with his knowledge and consent;" and by extending the prayer of the claim for a lien so as to include the fee, title, and interest of the defendant *Henry*. Upon such hearing the court found specially that the lease of February 4, 1890, from the defendant *Henry* to J. H. Reysen, Sr., did not create the relation of landlord and tenant, so as to deprive the plaintiff of its lien against the interest of said defendant *A. E. Henry*, and further amended the report by finding that the plaintiff was entitled to judgment of foreclosure, foreclosing all the leasehold title and interest in and to the said lands, flouring mill, mill dam, and mill privileges of the Reysens, and foreclosing the title and claim of the defendant *Henry* in and to the same, and making said plaintiff's lien prior and paramount to both the mortgages so executed to him as aforesaid, and judgment was entered accordingly.

The defendant *Henry* appealed from so much of the judgment as determined the plaintiff's claim to be a lien upon the interest of said *Henry* in the premises described in the

judgment, either as owner in fee or mortgagee, and so much of said judgment as made the said lien paramount to either of the mortgages held by said *Henry*, and from so much thereof as directed the sale of any right, title, or interest of said *Henry* in or to said premises, and to so much of said judgment as gave any relief or recovery against said *Henry*, or his right, title, or interest in or to the premises.

For the appellant there was a brief by *Quarles, Spence & Quarles*, and oral argument by *George Lines*. They argued, *inter alia*, that neither the owner of the land nor other third party could be affected by a change in the terms of the building contract or a waiver of its performance or any other step necessary to perfect the lien. *Soule v. Dawes*, 7 Cal. 575; *Burnside v. O'Hara*, 35 Ill. App. 150; *White v. Washington School Dist.* 42 Conn. 541; *McKim v. Mason*, 3 Md. Ch. 186; *Stewart v. Christy*, 15 La. Ann. 325; Boisot, Mechanics' Liens, § 5.

*Francis Williams*, for the respondent, to the point that the claim for lien was properly amended so as to cover the interest of the appellant, cited *Witte v. Meyer*, 11 Wis. 295; *Challoner v. Howard*, 41 id. 355; *Kerrick v. Ruggles*, 78 id. 274; *Sherry v. Schraage*, 48 id. 93; *Huse v. Washburn*, 59 id. 414; *Mark Paine L. Co. v. Douglas Co. Imp. Co.* 94 id. 322; *Stacy v. Bryant*, 73 id. 14.

PINNEY, J.    1. We do not think that any of the cases in this court cited and relied on by plaintiff's counsel support or justify the amendment of the claim for a lien allowed by the court.    There was no allegation or hint in the claim, as filed, of an intent to assert a lien on the fee-simple interest of the defendant *Henry*, the landlord, upon the premises.    It mentioned and referred only to the leasehold interest in the premises of J. H. Reysen & Son.    It did not disclose who was the owner in fee.    Four years afterwards, when the case had been tried before the referee upon the application for a

judgment, the court directed the amendment of the claim
for a lien, and the complaint as well, so as to assert a claim
to a lien not only upon said leasehold interest of J. H. Rey-
sen & Son, but upon the distinct and separate property and
estate in fee of the defendant *Henry*, who had not thereto-
fore even been mentioned in said petition or claim, and judg-
ment was given against his fee-simple estate accordingly.
The time within which a lien or claim could be filed, if one
could be filed against his estate under the statute, had ex-
pired. The action of the court was not the correction of a.
mistake, or misdescription, or failure to properly describe
the interest of J. H. Reysen & Son, or of any one claiming
under them. It was an entirely new proceeding, taken after
the time limited for it by the statute had expired. The
claim, as originally filed, as against *Henry's* fee-simple es-
tate, was wholly inoperative and a nullity. *Knox v. Hilty*,
118 Pa. St. 430; *Bartley v. Smith*, 43 N. J. Law, 321. There
was nothing to amend by, and the ruling of the circuit court
carried the doctrine of amendment to an extent entirely un-
warranted. As was said in *Fairchild v. Dean*, 15 Wis. 210,
" to supply the defect requires creation, not amendment."

2. The lease from the defendant *Henry* of the premises
for fifty years created the relation of landlord and tenant
between him and the Reysens, so that by ch. 466, Laws of
1887, amendatory of ch. 349, Laws of 1885, and ch. 442,
Laws of 1887 (S. & B. Ann. Stats. secs. 3314, 3314a), the
plaintiff could not have a lien upon the property in question.
The object of the statute was to prevent the estate or inter-
est of the landlord being incumbered by liens under this
statute by the contract or action of the tenant. No con-
tract relations existed between the plaintiff and the defendant
*Henry*. The consent of the landlord to such improvement
cannot countervail or overcome the manifest purpose and
intent of the statute. Laws of 1887, ch. 466. The referee
found that under the lease of February 4, 1890, the defend-

The J. B. Alfree Mfg. Co. vs. Henry.

·ants Reysen had a leasehold interest in the premises therein
·described, but the court added to this finding that "such
lease does not create the relation of landlord and tenant, *so
as to deprive the plaintiff of its lien* against the interest of
·said defendant *Henry.*" This is a conclusion of law, and we
think it is an erroneous one. , The lease created the relation
·of landlord and tenant between the parties. This relation
·"subsists by virtue of a contract, express or implied, be-
tween two or more persons, for the possession of lands or
tenements, in consideration of a certain rent to be paid there-
for." Taylor, Landlord & T. § 14; *Bentley v. Adams,* 92
Wis. 392. The language of the statute is general, and no
exception can be read into it. There was no agreement in
the lease, or contemporaneous with it, binding the tenants
to build a mill on the premises or make other improve-
ments. The agreement for a loan or advance money to
build on or improve the property was not made until more
than a year after the lease, and did not, in any respect, re-
late to the same subject matter, so as to entitle these docu-
ments to be read or considered together, nor did the lease
·contemplate the construction of a mill or other improve-
ment on the premises for the benefit of the lessor, *Henry.*
The cases of *Cook v. Goodyear,* 79 Wis. 606, and *Bentley v.
Adams,* 92 Wis. 386, are clearly distinguishable from the
present case.

3. The mill had been commenced and the contract entered
into between the plaintiff and the Reysens for the furnish-
ing of the mill machinery to be placed in the building be-
fore the. defendant *Henry* agreed to loan the Reysens $8,000
to enable them to erect the building and to make the pay-
ments on the contract with the plaintiff. Within the case
·of *Vilas v. McDonough Mfg. Co.* 91 Wis. 607, the mortgage
lien of the defendant *Henry* for $8,000 and interest is sub-
·ordinate to the plaintiff's lien ·on the leasehold interest of
the Reysens. As nothing was ever advanced under the sec-

ond mortgage for $2,000, the defendant *Henry* is in no position to complain of the judgment of the court in respect to it.

4. There was no privity of contract between the plaintiff and the defendant *Henry,* so as to enable him to insist that there could be no recovery on the contract between the plaintiff and the Reysens, for want of performance of its conditions, as in *Forster L. Co. v. Atkinson,* 94 Wis. 578, and the defendant *Henry* made no such defense in his answer. His mortgage interest in the leasehold was subject, therefore, to the amount that might be found due the plaintiff, and for which it was, or would be, entitled to a lien thereon.

In the absence of fraud or unlawful combination, we do not perceive that the Reysens would be precluded from waiving strict performance of the plaintiff's contract, and adjusting its claim on fair and equitable terms. There is no evidence of fraud or injustice in the plaintiff's claim, and, if the contention of the defendant *Henry* is maintainable, the record contains no evidence to show what deduction, as against him, if any, ought to have been made from its claim. It is unnecessary, therefore, to give this point further consideration.

Our conclusion is that the part of the judgment appealed from which determines that the plaintiff's claim be a lien upon the estate of the defendant *Henry,* as owner in fee of the premises therein described, and directs the sale thereof, is erroneous and must be reversed, and that in all other respects the judgment should be affirmed.

*By the Court.*— Judgment is ordered accordingly.