### GREGIVERE *v.* CHALKER.

SHERIFFS—ACTION ON BOND—FAILURE TO RETURN EXECUTION.

*In a suit upon a sheriff's bond for failure to return execution, under section 890, 1 Comp. Laws 1897, the return was duly made by the officer, but the justice failed to enter that fact upon his docket. Upon the trial the justice produced the execution, which had been in his possession since its return. *Held*, that the failure of the justice to minute the return upon his docket did not bind the officer, and it was competent to show in defense a return duly made.

* Head-note by GRANT, J.

Error to Crawford; Sharpe, J.  Submitted October 4, 1900.  Decided October 31, 1900.

*Assumpsit* by Lewis Gregivere against William S. Chalker and others.  From a judgment for defendants, plaintiff brings error.  Affirmed.

This suit is brought against defendant Chalker, late sheriff of Crawford county, and the other defendants as his bondsmen, to recover damages for the failure to return an execution in accordance with section 890, 1 Comp. Laws 1897.  Plaintiff introduced as a witness the justice of the peace, proved his docket and the entries thereon, and introduced it in evidence.  The last entry upon the docket was, "Execution issued May 11, 1898, and delivered to Wm. S. Chalker, sheriff of said county of Crawford, Michigan."  The justice then testified, upon direct examination, that the execution was never returned to him.  On cross-examination he testified that, after the time for the return of the execution had expired, he found a paper in one of his drawers which looked like the execution, but that he never opened it.  At the request of counsel for the defendants, the justice retired to his office, and produced the paper, and identified it as the execution issued in the case, with the return of the officer indorsed thereon, showing that it was returned within the time required by law.  The return was *nulla bona*.  Defendant Chalker was then permitted to testify that he made diligent search to find property belonging to the defendant, but was unable to do so, and that he made due return of the execution.  Judgment and verdict were for the defendants:

*Joseph Patterson*, for appellant.

*George L. Alexander*, for appellees.

GRANT, J. (*after stating the facts*).  Appellant's counsel contends that the proffered testimony impeached

125 MICH.— 6.

or contradicted the justice's docket, and was therefore inadmissible, under *Stolte, Dangel & Foss Co.* v. *Cochran*, 111 Mich. 193 (69 N. W. 247), and authorities there cited. The cases referred to, as well as others, are cases where it was sought to contradict the record made by the justice, or to supply the statutory requirements to his jurisdiction. They do not apply to a suit brought against a sheriff under the above statute, where he has performed his duty. This case is rather within the rule of *Grand Rapids Chair Co.* v. *Runnels*, 77 Mich. 104, 117 (43 N. W. 1006), where it was contended that the execution was void because the justice's record did not contain an entry that the justice ever issued it, and the court held that this failure did not vitiate an execution actually and properly issued. The law does not punish an officer for the neglect of a justice. The execution being found in the justice's office, with a proper return thereon, made within the prescribed time, renders it unnecessary to determine whether the officer could testify to what he did under the execution.

Judgment affirmed.

· The other Justices concurred.